June Term,
1860.

NEWMAN vs. TYMESON and others.

Newman
v.
Tymeson et al.

It is a sufficient description of property in a chattel mortgage, to refer to a schedule attached to another mortgage, of a date mentioned, made by the same mortgagor to another person named.

The public is charged with notice of such mortgage, when filed in the proper office, if the mortgage and schedule to which reference is made, are also on file in the same office, open to inspection.

It is not necessary that the second mortgage should state that the mortgage whose schedule is thus referred to, is on file.

The second mortgagee, whose mortgage declares that he may at any time take possession of the property, is entitled to possession as against all the world, except the first mortgagee whose debt remains unpaid, and may maintain an action for any taking of it which is not in pursuance of the first mortgage, but in defiance of his right.

The interests of the first and second mortgagees are distinct, and they must sue separately for injuries to their several interests.

APPEAL from the Circuit Court for *Kenosha* County.

Joseph Newman gave a mortgage to one Henry B. Marsh, upon certain personal property described in a schedule attached. He afterwards, on the same day, made a mortgage to the plaintiff, *James Newman*, upon property described as being "the personal property specified in the schedule attached to a chattel mortgage this day given by me to Henry B. Marsh, after the said Marsh's debt is paid, if any property or money shall remain after it is paid." These mortgages were filed in the proper office on the day they were made, the mortgage to Marsh being filed first. The mortgage to the plaintiff authorized him to take possession of the property at any time he chose. The defendant *Tymeson*, as sheriff of the county, by the direction of the other defendants, seized and sold the property described in said schedule, under attachment proceedings in favor of the other defendants against · Joseph Newman. This action was brought by *James Newman* to recover damages for such taking, and to a complaint stating the above facts, and that the debt secured by the plaintiff's mortgage remained unpaid, the defendant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, and also for defect of parties plaintiff. The circuit court sustained the demurrer for the cause first mentioned, holding

that the reference in the mortgage given to the plaintiff, to the schedule attached to the mortgage given to Marsh, was void for uncertainty; and that the fact that Marsh's mortgage was filed in the proper clerk's office before the mortgage to the plaintiff was filed, could not avail the plaintiff, because no reference was made in the mortgage to him, to a mortgage on file. Judgment for the defendants.

*J. J. Pettit*, for the appellant, in support of the complaint cited C. & H.'s notes to 1 Phil. Ev., 1420—1425 ; 4 Wend., 374; 18 Johns., 107 ; 17 id., 29 ; 5 Pick., 34, 395 ; 3 Fairf., 346-9 ; 2 Bibb, 610 ; 3 Dana, 21; 10 Pick., 228 ; 1 Hill, 602 '3 ; 6 Wis., 71 ; 12 N. H., 127 ; 6 .Wend., 103 ; 18 id., 157 ; 21 id., 300 ; 17 N. Y., 580, 1 Caines, 493 ; 6 Wis., 630—4 ; 7 id., 244, 566 ; 1 N. H., 353 ; 6 Cow., 250 ; 7 id., 85 ; 2 Chand., 160; 3 Wis., 234 ; 14 N. Y., 22.

*O. S. & F. H. Head*, for respondent, insisted that the description by reference to the mortgage to Marsh, was too vague to convey to the plaintiff any interest as against creditors. The amount of that mortgage was not given, nor was it stated where the same was or would be filed, nor any data given by which the property could be identified. The plaintiff's debt was not due, and he was not entitled to the possession of the property until he had demanded it of the mortgagor. No such demand is alleged. There is nothing to show that the debt due to Marsh has been paid, and he is therefore a necessary party plaintiff.

*By the Court*, DIXON, C. J. The chattel mortgage execu- ted by Joseph Newman to the appellant, was not void for uncertainty. It has ever been considered a sufficient description of the property conveyed by a deed or other instrument, to refer in it to another deed or writing, which is accurately pointed out, and which contains a proper description, and say that such is the property sold or intended so to be. Such a conveyance is not ambiguous or uncertain, because the means of ascertaining the true intention of the parties are clearly indicated on the face of it. *Coats vs. Taft*, [12 Wis., 388]. As between the parties, the statute in no way affects or interferes with the application of this rule to mort-

gages of chattels. It does not prescribe their form or the manner in which they shall be executed, but leaves those things to be determined upon the principles of the common law. Its object is to provide a public place in which they may be filed for the inspection and information of third persons who may be interested, and to declare the effect of such filing as between them and the parties. It is to enable strangers to obtain a correct knowledge of the transaction ; and, in order that they may do so, it is of course necessary that the mortgage itself, or some other instrument identified by it, and which is to be found in the same office, and open to inspection, should contain a sufficient description of the property conveyed. In this way the question of description is incidentally affected by the statute, but in no other. If the party in quest of information is able, by an examination of the mortgage or the copy of it on file, and an inspection of other mortgages, also on file in the same office, and to which reference is made, to learn all the facts which are usually to be gathered from such instruments, then we think the object of the statute is attained. He is thus fairly, and at the proper place, put in possession of all the means of information which the legislature intended, and it would be too much of. a refinement to permit him to close his eyes to another paper contained in the same files, and to which his attention is directed, and turn away and say that he has not had the opportunities afforded by the law. In this case both mortgages were on file in the proper office at the time the property in dispute was seized, and there was therefore in this respect no defect.

The point, that the previous mortgage is not mentioned as being *on file*, is also too technical. It is enough that it is otherwise sufficiently described. Its customary place would be upon the files. The inquirer has but to ask the question, and if it is not there, his investigations are at an end.

The appellant was, by virtue of the mortgage, entitled to the immediate possession of the property, as against all the world, save the mortgagee named in the first mortgage, if still unpaid, and consequently can maintain an action for a taking

which was not in pursuance of that mortgage, but in defiance of his right. *Frisbee vs. Langworthy*, 11 Wis., 375.

The appellant's interest, and those of the first mortgagee, are entirely distinct and separate. They are neither joint tenants, nor tenants in common of the property, and must sue separately for injuries to their several interests. The action is properly brought in the plaintiff's name alone. *Welch vs. Sackett*, 12 Wis., 243 ; *Hill vs. Gibbs*, 5 Hill, 56.

The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.