## GARLAND v. WHOLEBAU.

1. **Practice:** ON APPEAL. The Supreme Court will not consider objections to a cause of action which should have been, but were not, presented by demurrer in the court below.

2. **Verdict:** In case of willful trespass discussed.

*Appeal from Winneshiek District Court.*

SATURDAY, APRIL 14.

WILLFUL TRESPASS: PLEADING: VERDICT: DAMAGES, &C. — The petition is as follows: The plaintiff alleges "that he was the owner of a span of mares, each of the value of $250, in all the value of $500; that while so owning them the defendant, on the 29th day of September, 1865, did willfully and maliciously injure them by shooting each of them with shot, and did so willfully and maliciously, with intent to injure the plaintiff; that the mares, in consequence of the shooting, were injured and damaged, in the actual damage to the plaintiff, of $500; and plaintiff claims three-fold damages for the said injury. Wherefore plaintiff demands judgment against the defendant in the sum of *fifteen hundred* dollars."

Answer in denial; trial to jury. Verdict "for plaintiff for $700;" and defendant appeals.

*J. L. Foster* for the appellant.

*Reuben Noble* for the appellee.

DILLON, J. — I. We cannot consider the alleged erroneous instructions, for the reason that the only evidence **1. PRATICE:** that any instructions were given to the jury **on appeal.** is, that certain instructions are copied into the defendant's motion for a new trial. This does not make

Garland v. Wholebau.

them a part of the record; and if it did, they do not appear to have been excepted to at the time. The question argued by the appellant, that exemplary damages are not recoverable in cases where the injury is also an indictable offense, for which the defendant may be criminally punished, is, therefore, not presented by the record.

I. The defendant made a motion for a new trial, on the ground that the verdict was for an amount larger than 2. VERDICT: the damages claimed in the petition. The defenddiscussed. ant insists that the petition only claimed damages to the amount of $500, and that a recovery beyond that sum was not warranted.

The petition in this case was founded upon section 4326 of the Revision, which, for the willful and malicious torts therein mentioned, gives to the injured party a civil action for treble the value of the property damaged or destroyed. The petition was not demurred to, either as stating a cause of action not within this section, or on the ground that this section does not extend to and include injuries to the *domestic beasts* of another. In no part of the record before us does it appear that the defendant ever made the question that this section (4326) of the statute did not apply to injuries of the character for which the plaintiff's action was brought. We are justified, therefore, in assuming that the defendant made no objection in the court below to the form of the action, and no question that it was well brought; and he must stand in this court in the posture in which he was content to stand in the District Court. He cannot change his base after an appeal. *Laverty* v. *Woodward*, 16 Iowa, 1. When the verdict for $700 was returned by the jury, one ground of the motion for a new trial was, as before stated, that the verdict was for a sum larger than that claimed in the petition.

Now, what we hold is, that, under the objection, the defendant does not properly raise the question which he

has argued in this court, viz., that the action was not a statutory one, or, if it was, that it is not given by the statute for injuries to domestic animals, and if so, the petition is limited to a claim for five hundred dollars.

As before remarked, the action was evidently brought upon the statute, and on this appeal it must be assumed that the right thus to bring it was not questioned by the defendant below and cannot be here. In this view we are of opinion that the verdict was not in excess of the amount claimed.

The petition was framed upon section 4326, and under its allegations it would authorize a judgment for any sum not exceeding fifteen hundred dollars.

This disposes of the case without further inquiring whether, conceding that the plaintiff was not authorized to receive treble damages, he was limited by his petition to a recovery not exceeding five hundred dollars. Indeed we cannot properly make the latter inquiry in the shape in which the record is before us.

Affirmed.