Farrar & Wheeler v. Peterson.

REVERSED.

FARRAR & WHEELER v. PETERSON.

1. **Principal and Agent**: RATIFICATION: PROMISSORY NOTE. A principal who accepts and attempts to enforce a note taken in his name by an assumed agent cannot deny the agency of the latter in the transaction out of which the note grew. Following *Edie, Guilford & Co. v. Ashbaugh*, 44 Iowa, 519.

*Appeal from Montgomery Circuit Court.*

THURSDAY, DECEMBER 4.

ACTION upon a promissory note commenced before a justice of the peace, where a judgment was rendered for defendant; a like judgment was rendered in the Circuit Court upon an appeal. The plaintiffs now appeal to this court, the Circuit Court certifying the questions to be presented here.

*C. S. Murphy* and *McPherson & Scott*, for appellants.

*W. S. Strawn* and *Miller & Bartholomew*, for appellee.

BECK, CH. J.—I. The instrument sued upon is payable to plaintiffs, and contains a condition to the effect that it was

executed for the purchase of a sewing machine, the title, own-
ership and right of possession of which should not pass from
the plaintiffs until the note is paid in full, and that plaintiffs
shall have full power to declare the note due and take posses-
sion of the machine at any time they may deem themselves
insecure, even before the maturity of the note. The answer
of the defendant, as set out in the docket of the justice of the
peace, admits the execution of the note, but avers that it was
obtained by fraud; that it was given to plaintiff's agent as
evidence of the conditional sale of a sewing machine; that the
sale was rescinded by plaintiffs, who took back the machine,
and that the consideration of the note has wholly failed.

The defendant introduced testimony tending to show that
he purchased the sewing machine of one Lattimer, to whom
he delivered in payment the note in suit. It was agreed
between Lattimer and defendant that if defendant's wife could
not sew with it the machine was to be taken back, and the
note was to be returned. Within the time agreed upon Latti-
mer took the machine away. He informed defendant that he
did not have the note with him, but he gave defendant a.paper
which he said was "a receipt against the note." This proved
to be a promissory note signed by Lattimer for the amount of
defendant's note. The defendant is unable to read and write,
and did not discover the character of the instrument given
him by Lattimer until some time afterward. The plaintiffs
introduced testimony in conflict with the evidence of defend-
ant. Their testimony also tended to show that Lattimer was
employed to sell sewing machines by one Tallmadge, who was
the agent of plaintiffs-for the sale of such machines, and that
he was not authorized to make a contract and arrangement of
the kind entered into by defendant with Lattimer.

II. The only questions raised by the assignment of errors
relate to the correctness of certain instructions given by the
1. PRINCIPAL court to the jury. It is proper here to remark
and agent:
ratification: that all the instructions excepted to are not
promissory
note. assailed in the assignment of errors, and one of
the instructions so assailed was not excepted to in the court
below. Another assigned for error is not objected to in argu-

ment. We can only consider those that were excepted to in the court below and are assailed in the assignment of errors and argument of counsel. There are but two in this condition; to these our discussion must be limited; they are in the following language:

"If in this case plaintiffs seek to enforce payment of a note taken by Lattimer, then plaintiffs are estopped from denying the agency of Lattimer, unless the defendant at the time he delivered the note to Lattimer delivered the same to him as the agent of Tallmadge and not as the agent of plaintiffs, and he looked to Tallmadge to carry out the conditions of the sale, and he returned the machine to Tallmadge, or Lattimer as the agent of Tallmadge.

"You are further instructed that plaintiffs cannot be permitted to enjoy the fruits of the bargain made by Lattimer without adopting all the instrumentalities employed by him in bringing it to a consummation, unless the defendant purchased the machine of Lattimer as the agent of Tallmadge, and believing that he was contracting with Lattimer as agent of Tallmadge and not as agent of the plaintiffs, and looked to Tallmadge and not the plaintiffs to perform the conditions of the sale."

The testimony of plaintiffs tended to show that they had employed Tallmadge to sell sewing machines, or more properly they sold the machines to him and he disposed of them, taking notes therefor payable to plaintiffs, and conditioned as the note executed by defendant. He was credited with machines he returned, and notes of this kind, which he delivered to plaintiffs. He was authorized to employ others to prosecute the business in this manner.

The proposition of law presented in the instructions is this: The plaintiffs, while accepting and attempting to enforce the note, cannot deny the agency of Lattimer. This doctrine and its applicability to the facts of the case, we think, are supported by the majority opinion in *Eadie, Guilford & Co. v. Ashbaugh*, 44 Iowa, 519, which was doubtless followed by the court below. The decision is adhered to by the justices concurring therein, and must be regarded as the rule of this court.

Mr. Justice DAY and myself have no occasion to change the views we expressed in our dissenting opinion.

III. Counsel insist that plaintiffs are entitled to the protection accorded to holders of commercial paper transferred before maturity and without notice. This position is not sound. Plaintiffs are the payees, not the indorsees, of the paper. They do not deny that they authorized the note to be made payable to them; they cannot be regarded as indorsees. The other instructions, as we have above pointed out, were either not excepted to or were not assigned for error and pressed in argument by counsel. We have not the privilege, under our rules, to discuss them.

No other questions arise in the case. The judgment of the Circuit Court is

AFFIRMED.