CLEMENTS v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY.

**Evidence:** VALUE OF NURSERY STOCK: PRICE AT WHICH CONTRACTED. Where the question was as to the value of a lot of fruit trees at the place of their destination on a railroad, *held* that evidence of the price at which the owner had contracted to sell them there was admissible, as affording some evidence of their value there.

*Appeal from Benton District Court.*—HON. L. G. KINNE, Judge.

FILED, MAY 15, 1888.

ACTION against a common carrier for the value of certain property delivered to it for transportation, and which it failed to deliver at its destination. Judgment for plaintiff for the value of the property at the point of destination, as the court found the same to be, less the amount of the freight bill. Defendant appeals.

*S. K. Tracy*, for appellant.

*Traer & Voris*, for appellee.

REED, J.—Plaintiff bought the property, which was a lot of fruit trees, at the point of shipment, in this state, paying $115.89 for it. He had contracted for the sale of it, for a larger amount, at Savannah, Ill.; that being the point of destination. There was no evidence of its value at Savannah, except the agreement of the parties as to the price at which plaintiff had sold it. Defendant did not deny that the measure of plaintiff's damages is the value of the property at the point of destination, less the cost of carriage; but it contended that that value could not be determined from the single transaction in which it was sold. But we think the price at which it was sold affords some evidence of its value at that point. Indeed, in many cases, that would be the only attainable evidence of value. Property of that kind is not handled upon a general market, and it could hardly be said to have a general market value. It can be handled only at certain seasons of the year, and then in limited amounts. A single consignment will frequently fill the whole demand of a locality for that kind of goods; and if, in such case, its value in such locality may not be determined from a single transaction, it could not be determined at all. We have no occasion to inquire whether the same rule could be

applicable to the case of property which is handled on the general market; such as grain, cattle and the like. But, as bearing on the question, see *Northern Transp. Co. v. McClary*, 66 Ill. 233. The judgment, we think, should be

AFFIRMED.