SANDUSKY MACHINE & AGRICULTURAL WORKS, Appellant, v. JOHN HOOKS *et al.*, Appellees.

1. **Agency:** EVIDENCE. In an action upon a promissory note given for a cornsheller the defendants claimed that the sheller was sold to them by one L. as agent for the plaintiff, and pleaded a breach of the warranty made by L. The evidence showed that the sheller was sold by L. to the defendants, but there was no direct testimony to L.'s agency for the plaintiff, nor that L. assumed to be such agent, and the manager of plaintiff's business testified that L. was not its agent. *Held*, that the finding of the jury that L. was the agent of the plaintiff was not supported by the evidence. [ROBINSON, J., *dissenting*.]

2. **Practice in Supreme Court:** QUESTIONS CONSIDERED ON APPEAL. The defendants not having raised in the district court the question of the plaintiff's ratification of L's. contract of warranty by its acceptance of the note taken by him, *held*, that such question would not be considered in the supreme court upon appeal. [ROBINSON, J., *dissenting*.]

3. ——: ——. When cases are not argued on both sides in the supreme court only such question will be considered by the court as may be necessary to the disposition of the case.

VOL. 83—20

*Appeal from Harrison District Court.*—HON. C. H. LEWIS, Judge.

THURSDAY, JUNE 4, 1891.

THIS is an action upon a promissory note. There was a judgment on a verdict for the defendants. The plaintiff appeals.—*Reversed.*

*S. J. King,* for appellant.

*Joe H. Smith,* for appellees.

BECK, C. J.—I.   The answer of the defendants to the plaintiff's petition alleges that the note was given
1. AGENCY: for a cornsheller purchased by defendants
   evidence. from the plaintiff through one Luce, acting as the plaintiff's agent; that Luce warranted the machine to do good work, and that it would operate well with a certain horse-power owned by the defendant; that the sheller did not comply with the terms of the warranty; and that the defendants paid the note to Luce, who was at the time of payment the agent of the plaintiff.   Other allegations of the answer need not be here recited.   The cause was submitted to the jury upon the issues presented by the defenses pleaded by the answer as just stated.   The jury, in response to questions submitted to them, found that Luce was the agent of the plaintiff, and made the warranties stated in the defendant's answer.   Upon these special findings, and a general verdict in their favor, judgment was rendered for the defendants.   A motion for a new trial on the ground, among others, that the special findings and general verdict of the jury are not supported by the evidence, was overruled.

II.   We think the court should have sustained the motion for a new trial, for the reason that there was

2. PRACTICE in supreme court: questions considered on appeal. absolutely no evidence whatever tending to show that Luce, as the agent of the plaintiff, sold the sheller to the defendants, no one testifying that he was the plaintiff's agent. It is shown that he sold the sheller to the defendants, but no witness professed to have any knowledge authorizing him to say that Luce was or acted as the plaintiff's agent when he sold the sheller. It is not shown that he assumed to be the plaintiff's agent. One witness testified in the following language: "After looking through some of his catalogues, etc., he told us he could sell us a sheller. He was not agent for any sheller except the Sandusky sheller. He says, 'I have never seen one of them in the country.'" This evidence is not competent to establish, as against the plaintiff, agency in Luce. On the contrary, the plaintiff's officer managing its business at the time testifies that Luce was not the plaintiff's agent, but that the plaintiff sold the sheller to Luce. The verdict of the jury is plainly without the support of any evidence. The district court erred in not sustaining the motion for a new trial.

III. The case was tried on the issues involving the agency of Luce, and the contract of warranty made by him upon selling the machine. The

3. —: —. question of ratification by the plaintiff of Luce's contract of warranty, by its acceptance of the note given by the defendants for the machine, was in no way presented in the court below, by pleadings, instructions, or otherwise. It cannot be considered in this court. It follows that *Eadie v. Ashbaugh*, 44 Iowa, 519, and *Farrar v. Peterson*, 52 Iowa, 420, in which the doctrine of ratification is considered, have no application to this case. The defendants based their defense in the court below on the grounds that Luce was the agent of the plaintiff, and, as such, warranted the machine. The evidence utterly fails to show agency in Luce. Therefore, the defendants cannot recover on

the grounds of the agency of Luce and the warranty by him.  They cannot in this court change the defense, and base it upon the ratification of the note by the plaintiff, implied by the acceptance of the note.  The same case must be reviewed upon this appeal which was made in the court below.  See *Garland v. Wholebau*, 20 Iowa, 271, and cases cited in 1 McClain's Digest, p. 48, sec. 145, *et seq*.

IV.  Other questions in the case are not considered, for the reason that it does not appear that they will necessarily arise upon another trial; and for another reason these questions ought not to be considered.  We have no arguments for the defendants.  When cases are not argued on both sides, we consider only such questions as are necessary for their disposition.  If the case may be disposed of on a single point, we discuss no others, for the reason that rulings ought not to be made, further than is absolutely necessary, upon questions not fully discussed.

The judgment of the district court is REVERSED.

ROBINSON, J. (*dissenting*).—The second division of the answer alleges that the promissory note in suit was given by the defendants for a cornsheller which was sold by the plaintiff to defendants; that, as a part of the transaction, the sheller was warranted to operate well, and to do good work, with a horsepower then owned by the defendants; that the sheller delivered was not as contracted for; that it could not be used with the horsepower of the defendants, nor with any other power; that it wholly failed to comply with the warranty; that when such failure was ascertained the sheller was returned to the agent of the plaintiff, and has never since that time been in the custody nor under the control of the defendants.  Three notes were given for the sheller, two of which have been paid, and the third is the one in suit.  The evidence as to the war--

ranty, and the breach thereof, and the return of the sheller, fully sustained the findings of the jury, and on the merits of the case the defendants should succeed. If the judgment of the district court is reversed, it must be on purely technical grounds.

The defendants made no attempt to show that the man of whom they purchased (Luce) was in fact the agent of the plaintiff, but endeavored to show that he acted as such in making the sale. The evidence as to the agency of Luce, on the part of the defendants, is meager, but, in my judgment, it was sufficient to authorize the jury to find that in what he said and did to effect the sale he claimed to act as the agent of the plaintiff. When the defendants applied to him for a sheller, he informed them that he "was not agent for any sheller except the Sandusky sheller." When the notes were taken for the sheller, Luce took them, and told the defendants it was "the first machine he had sold for that company, and he wanted to have the notes made out and fix the business up." The notes were made payable to the plaintiff. The first two notes were collected by Luce. There is no evidence which shows, or tends to show, that, at the time of the transaction the defendants knew that Luce was not the agent of the plaintiff. While the evidence stated would not alone be sufficient to establish an agency as against the plaintiff, yet the defendants were justified in believing that Luce acted as agent for it. That being the case, when the plaintiff seeks to enforce the collection of the note with knowledge of the fact, it brings itself within the rule of the *Ashbaugh* and *Peterson cases* cited in the opinion of the majority. The plaintiff is a party to the note, and is not an innocent holder. That is the well-established rule, which was explicitly recognized in the *Peterson case.* The answer pleads a failure of consideration, and the evidence sustains the plea. The plaintiff took the note

charged with knowledge of the fact that it was without consideration, and the defense set up is good as to it, even though the question of agency be eliminated from the case. *Aldrich v. Stockwell*, 9 Allen, 45. But, by seeking to enforce the collection of the note with actual knowledge of the facts, the plaintiff ratified the acts of Luce, and made him its agent. In the *Ashbaugh case*, 44 Iowa, 420, it is said that "the general rule is that the act of the agent is treated throughout as if it were originally authorized by the principal, for the ratification relates back to the time of the inception of the transaction, and has a complete retroactive efficacy. Hence it is, if the agent has made a contract without authority, and it is afterwards ratified, the principal may be sued thereon in the same manner and with the same effect as if he had originally given the authority." That statement of the law is fully sustained by the authorities. Mechem on Agency, sec. 178; Story on Agency, secs. 244, 250. The rule was applied in the *Peterson case*, 52 Iowa, 420, where the answer was, in legal effect, the same as that in this case; ratification not being pleaded; the allegations of the answer being that the agreement was made with the principal, although in fact it was made by one who acted as agent without authority. But, even if it would have been better practice to plead the ratification, the failure to do so was not material in this case; for the plaintiff knew before the trial commenced that the agreement relied upon was made with a person claimed to have acted as agent. Section 2686 of the Code provides that "no variance between the allegations in the pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits." It is clear that there was no prejudice in this case. Moreover, the objection that there was a variance is not raised by the appellant, and it nowhere claims that

it was necessary to plead the ratification of the acts of Luce in order to recover upon them. It may be that the special finding as to the agency is not sustained by the evidence, but that fact is not material, for the reason that it might have been in either the affirmative or negative, without in any manner affecting the general verdict, for the reason that it ignored the effect of a ratification and the failure of consideration. As a general rule, to which this case is no exception, a party, in order to succeed, is not obliged to prove all he has pleaded, but only enough to establish a cause of action or defense, within the averments of his pleading. I do not understand that there has been any change in the defense in this court. The defendants have not appeared, relying, perhaps, upon the *Ashbaugh* and *Peterson cases* as affording them ample protection. The defense interposed in the district court was a failure of consideration, and it was there sustained. I am of the opinion that it should be sustained here.