G. F. KNELLER, Appellee, v. A. J. KNELLER, et al., Appellants.

Chattel Mortgages: DESCRIPTION: SUFFICIENCY: NOTICE. Where a chattel mortgage upon two mules gave the size, weight, color and names of the animals, and indicated their sex, and recited that both the mortgagor and mortgagee were of the county of "A," but did not otherwise describe said property, except that it was stated that said mortgage was junior to a prior mortgage to F. and S., *held*, where it was admitted that an officer levying an execution on said property knew S., and that if he had made proper inquiry of S. he would have learned that the mules levied upon were the mules described in said mortgage, that the mortgage was sufficient to put the officer upon inquiry as to the identity of the property described therein.

<div style="float:right">

| 86 | 417 |
|----|-----|
| 87 | 523 |
| 86 | 417 |
| 94 | 558 |

</div>

*Appeal from Adams District Court.*—HON. W. H. TED-FORD, Judge.

TUESDAY, OCTOBER 18, 1892.

ACTION in equity to enjoin the defendants from selling two mules. There was a decree for the plaintiff, and the defendants appeal.—*Affirmed.*

*Dale & Brown,* for appellants.

*H. T. Granger,* for appellee.

KINNE, J.—The undisputed facts in this case are that the defendant A. J. Kneller, in October, 1890, owned the team of mules in controversy. On the sixth day of that month he executed a mortgage to William G. Falconer and Sylvester Snyder, which was duly recorded on October 7. In this mortgage the mules were described as follows: "One span bay mules,— one bay horse mule, named 'Jim,' aged five years: the other a brown horse mule named 'Jack,' age five

years." On October 27, 1890, A. J. Kneller executed a chattel mortgage on the same mules to G. F. Kneller, this plaintiff, which mortgage was duly recorded October 27, 1890, and described the mules as follows: "One span of mules—one brown and one bay; brown mule named 'Jack,' weighing about nine hundred and fifty pounds; the bay named 'Jim,' weighing about ten hundred pounds, and one set of harness." This mortgage contained the following provision: "This is given as a second mortgage on the above-described property, the first being given to Wm. G. Falconer and Sylvester Snyder." Both mortgages state "that the mortgagor and both mortgagees are of Adams county, Iowa, that said property shall not be removed from the county of Adams, and that foreclosure shall take place at Carl, in the county of Adams and state of Iowa."

Subsequent to the execution and recording of both these mortgages the defendant, the Birdsell Manufacturing Company, levied, through D. C. Pumroy, sheriff, upon said span of mules as the property of A. J. Kneller, under an execution. Upon the trial in the district court, it was agreed as a part of the facts that Sylvester Snyder, named in the G. F. Kneller (plaintiff) chattel mortgage as a prior mortgagee, held a chattel mortgage intended to include and describe the identical team of mules levied upon by the sheriff, and would have identified the team of mules if the sheriff or the attorneys for the execution plaintiff had inquired of him before making said levy; also, that the sheriff, D. C. Pumroy, knew Sylvester Snyder before said levy, and also knew where said Snyder lived. No question is made as to the genuineness of the mortgages, or the amount due thereon. The record shows the recovery of a judgment by the Birdsell Manufacturing Company against A. J. Kneller, the issuing of an execution thereon, and levy thereunder.

The only question in this case is as to whether the

plaintiff's mortgage, being of record, imparted notice to the defendants. The learned district judge, in his opinion filed in this case, says: "Now to the description at bar. We have size and weight, color and name, of the animals, and a fair, if not certain, indication of the sex; the name indicates this. Now, in addition to this, the mortgage further recites: 'This is given as a second mortgage on the above-described property, the first being given to Wm. G. Falconer and Sylvester Snyder.' And it is admitted by the defendants that Sheriff Pumroy, who levied on this property, knew Snyder, and knew where he lived, and, if he had made inquiry of him, he would have informed him that these mules levied on were the identical mules in the mortgage sued on. Now, does this raise an inquiry that would of itself lead a reasonably prudent man to follow up the identity of the property? Or, in other words, as held in *Yant v. Harvey*, 55 Iowa, 423, could the defendant sheriff, in this case, by the exercise of reasonable care at the time he made the levy, have discovered by inquiry suggested by the mortgage the identity of this property? I think he could. If he could, then constructive notice was at this time imparted to him. A mere inquiry of Sylvester Snyder would have explained all. It seems to me that it would be unjust and inequitable in this case for the mortgagee or the plaintiff to lose his claim. Certainly, all the moral considerations of equity are with him. He first secured his lien. There is no question raised of its true genuine character. Therefore, where there is any doubt on a mere law point like this, it seems to me that a mere technical view should not prevail over equitable considerations."

No useful purpose would be served by a review of the numerous cases in Iowa wherein the question of the sufficiency of the description of property in a chattel mortgage has been discussed. We have carefully

considered them. This case is unlike any of them in the fact that there is a recital in the plaintiff's mortgage of the mortgage, which, in effect, at least so far as notice is concerned, incorporates the prior mortgage into the plaintiff's. It seems to us that the recital in the plaintiff's mortgage of the prior mortgage, coupled with the description given of the property in both mortgages, was sufficient to put the defendants upon inquiry, and it is admitted that such inquiry would have led to the identification of the property. AFFIRMED.