T. A. THOMPSON v. A. A. ANDERSON, Appellant.

**Practice:** EXCEPTIONS TO INSTRUCTIONS. Instructions cannot be complained of, if not excepted to at the time, and no ground of exception is stated in the motion for a new trial.

SAME. Where the evidence as to the alleged misconduct of a juror, on which a motion for a new trial is based, is conflicting, a finding of the trial court thereon will not be disturbed upon appeal.

**Practice:** CERTIFICATE OF RECORDER. The certificate of the recorder as to the record of the mortgage, being required to be endorsed thereon by statute, is *prima facie* evidence that the mortgage was properly recorded and endorsed.

**Description.** A description of the property mortgaged by reference to another recorded mortgage wherein the property is sufficiently described, is sufficient.

**Evidence of Value:** ADMISSIBILITY. In trover by a landlord against a purchaser from his tenant of property subject to the landlord's lien, evidence as to what defendant paid or agreed to pay for the property is admissible to show its value. A chattel mortgage in terms covering the increase of the live stock mortgaged, is valid as to such increase.

*Appeal from Buena Vista District Court.*—HON. LOT
· THOMAS, Judge.

FRIDAY, MAY 17, 1895.

Action at law to recover damages for the alleged
conversion of certain personal property upon which
plaintiff had a landlord's and mortgage lien. Trial to
a jury. Verdict and judgment for plaintiff, and
defendant appeals.—*Affirmed.*

*C. A. Irwin* and *J. E. Buland* for appellant.

*William Milchrist, F. H. Helsell,* and *H. F. Galpin*
for appellee.

Deemer, J.—This case is before us a second time.
For former opinion, see 86 Iowa, 703. The plaintiff
seeks to recover the value of seventeen head of cattle,
and fifty-eight head of hogs, which he alleges the
defendant converted to his own use. He avers that he
has a landlord's lien thereon by virtue of a certain con-
tract of lease made between himself and one N. H.
Jacobs, and that he also has a chattel mortgage thereon
made to secure a note of three hundred dollars and
interest, executed by the said Jacobs. The defendant
denied each and all of these claims, and pleaded a
waiver of the liens, payments of the debts, insufficient
description of the property in the mortgage, and that
the property sought to be recovered was kept by Jacobs
for sale upon the leased premises, and that defendant
is an innocent purchaser thereof for value. Defendant
also pleaded some other defenses, not necessary to
mention.

I. The plaintiff demurred to those divisions of
the answer, pleading the uncertainty and insufficiency
of description, and that defendant was a good-faith

purchaser for value of the stock, and some of the other defenses; and the ruling on this demurrer is complained of. The argument seems to be based upon a misapprehension of the record. The ruling, even if erroneous, seems to have been in defendant's favor, for the demurrer to that part of the answer pleading insufficiency of description in the mortgage was overruled.

II. Error is assigned upon the rulings of the court in admitting in evidence the mortgage sued on by plaintiff, and the certificate of the recorder thereon; and also in admitting another mortgage given by Jacobs to one Hay, upon the same property, with the certificate of the recorder indorsed. Complaint is also made of two instructions, which, in effect, hold that the description in plaintiff's mortgage is sufficient. The claim is made that the certificates of the recorder placed upon the back of the mortgages is not admissible to prove that they were recorded, and that in no event can they be used to prove that they were indexed as required by law. The record shows that each certificate was introduced and received in evidence without objection, and that thereafter the proper record of these mortgages was offered and read, no objection being interposed thereto. The instructions complained of cannot be reviewed, because not excepted to at the time, and no ground of objection is stated in the motion for a new trial. McClain's Code, sections 3994-3996, and authorities cited. It does appear, however, that, at the conclusion of the plaintiff's evidence, defendant moved to strike the chattel mortgage under which plaintiff claims, for the reason that the description therein is insufficient, and for the further reason that there was no competent evidence that the same had been recorded; and further moved to strike all evidence with reference to the hogs in controversy because they were

not covered by the mortgage sued on, and for the further reason that it affirmatively appears that none of the hogs in suit were in existence at the time the mortgage was given, and the record of the mortgage imparted no notice. These motions were over-ruled, and defendant excepted. Conceding, then, that the question is properly before us as to whether the recording of a mortgage so as to give notice to third parties may be proved by the certificate of the recorder indorsed thereon, we think that where such certificate is authorized or required by statute, as it is in this state, the certificate is *prima facie* evidence that the mortgage was entered upon the entry or index book, and recorded as provided by law. In Webb on Record of Title it is said: "In a few states the certificate of the recording officer is by statute made conclusive evidence of the fact that the mortgage or conveyance has been duly filed for record. Where the statute has not given this effect to the certificate, it is usually held only *prima facie* evidence of those facts." Section 272. The description of the property in plaintiff's mortgage was as follows: "All the horses, colts, cattle, hogs, and machinery described in the chattel mortgage given by me this day to L. E. Hay, and to which this mortgage is second, together with all increase of the above, until the obligation named below is fully paid." The description in the Hay mortgage was, so far as material, as follows: "Thirty head of cows, mixed ages, and calves; 10 head of heifers, mixed color, coming two years in spring of 1888; 5 steers, mixed colors, coming two years spring 1888; 14 head of steers, mixed colors, coming 2 years spring 1888; 11 head of steers, coming 1 year old spring of 1888; 11 head of heifers, coming 1 year old spring of 1888; * * * 63 head of hogs, being brood sows, shoats, and pigs. * * * All increase of said cattle

and hogs during the term of this mortgage until paid. * * * All in the possession of the said Norman H. Jacobs, in Lincoln Twp., Buena Vista county, Iowa, on S. E. ¼ section 25, range 36." The description in plaintiff's mortgage, without reference to that contained in the mortgage to Hay, was insufficient. But it was competent for the parties to refer to the description used in the Hay mortgage, and, when both were filed for record, as the evidence shows they were in this case, it was sufficient to impart notice to the world. *Newman v. Tymeson*, 13 Wis. 172; *Kneller v. Kneller*, 86 Iowa, 417. The hogs in controversy were of the increase from certain of the hogs specifically described in the mortgage; and, as the increase from the animals described was covered in specific terms by the mortgage, we think it was sufficient to convey the hogs in question. The general rule in other states no doubt is that a chattel mortgage will not cover personal property which has no actual or potential existence. But it is well settled in this state that a valid mortgage may be given on personal property not owned by the mortagor, and not then in existence, if he afterward acquire it. *Manufacturing Co. v. Robinson*, 83 Iowa, 567; *Norris v. Hix*, 74 Iowa, 525; *Wheeler v. Becker*, 68 Iowa, 723; *Scharfenburg v. Bishop*, 35 Iowa, 63; *Stephens v. Pence*, 56 Iowa, 258. The description was sufficiently definite. *Rhutasel v. Stephens*, 68 Iowa, 628. We think the mortgage covered the hogs in question, and that the court properly overruled the defendant's motions.

III. Attached to defendant's answer were a number of interrogatories, which plaintiff was asked to and did answer. These answers were offered in evidence by plaintiff as a part of his case. The defendant was permitted to cross-examine plaintiff on the matter contained in these answers, but he claims that his rights

in this respect were unduly limited by the court. Without setting forth all the rulings complained of, and without passing upon the question as to the right of defendant to cross-examine upon these matters,—a question of much doubt,—we content ourselves by saying that we discover no prejudicial error. The amended abstract filed by appellee makes this clearly apparent. Most, if not all, of the errors complained of were subsequently cured by the court. Other errors are assigned on the admission and rejection of testimony. We do not set out all the rulings complained of, as it would unduly extend this opinion. We discover no prejudicial error in any of them. What we have said sufficiently indicates our views with reference to the description of the property in the mortgage.

6     Evidence as to what defendant paid, or agreed to pay, for the property he purchased of Jacobs was admissible, as tending to show its value. *Buford v. McGetchie,* 60 Iowa, 298; *Town of Cherokee v. Sioux City & I. F. Town Lot & Land Co.,* 52 Iowa, 279; *Clements v. Railroad Co.,* 74 Iowa, 442.

IV. The defendant asked an instruction to the effect that if the tenant Jacobs kept the hogs and cattle described in plaintiff's petition upon the leased premises for sale only, then the verdict must be for the defendant. This instruction was refused, and properly so. The evidence on this point was practically the same as on the former trial. On the first appeal we held that the giving of such an instruction was error. We need not repeat what is there said. It is sufficient to say that the evidence does not show that this stock was kept upon the premises for sale only. It is insisted that the court erred in refusing instructions asked by defendant. These instructions, in so far as they stated correct rules of law, were given by the court in its charge to the jury.

V. It is further contended that the verdict is without support in the evidence. The evidence as to all material points was conflicting, and with the finding of the jury we cannot interfere.

VI. One of the grounds of the motion for a new trial was misconduct of a juror. The testimony as to this alleged misconduct was conflicting, and with the finding of the trial court on the disputed question of fact we cannot interfere. *Perry v. Cottingham*, 63 Iowa, 43. There being no prejudicial error, the judgment is *affirmed*.