SLIMMER et al., Appellants, v. MEADE COUNTY BANK, Respondent.

(147 N. W. 734.)

1. **Chattel Mortgage—Description of Property—Sufficiency—Reference to Another Mortgage.**

A description in a chattel mortgage of the property mortgaged, which suggests to a stranger inquiry which, if prosecuted with reasonable diligence, will lead to identification of the property, is sufficient as to him. So held, as to a chattel mortgage which, after describing other property, refers, as "additional security", to all the cattle and horses "described in one certain chattel mortgage given to" a third party; and where such other mortgage is duly recorded, a subsequent mortgagee is put upon inquiry and chargeable with knowledge of the property incumbered.

2. **Same—Priorities—Withdrawal From Record of Prior Mortgage.**

Where a recorded chattel mortgage described the property mortgaged by reference to another recorded mortgage, a subsequent mortgagee was charged with constructive notice of the mortgage thus referred to, though within a few days after execution of the subsequent mortgage the mortgage thus referred to was satisfied and withdrawn from record.

**3. Mortgage in Presenti—"Intention to Mortgage".**

A chattel mortgage which described, as additional security, property specifically described in another chattel mortgage, by reference to such other mortgage, and by using the language "it is my intention to mortgage" the property described in the other mortgage, is a mortgage **in presenti** of the property thus referred to, and not merely an agreement to give a mortgage thereon in future.

**4. Same—Priorities—Statutory Renewal Affidavit—Failure to File, Who Affected.**

The fact that a renewal affidavit, pursuant to Civ. Code, Sec. 2089, was not filed within three years after filing of a chattel mortgage, does not affect the lien of such mortgage as against a subsequent mortgagee whose rights were acquired prior to expiration of the three years.

(Opinion filed June 15, 1914.)

Appeal from Circuit Court, Perkins County. Hon. CLAY CARPENTER, Judge.

Action by Abraham Slimmer and Lane J. Thomas, co-partners as Slimmer & Thomas, against the Meade County Bank, in claim and delivery to recover alleged mortgaged property. From a judgment for defendant, and from an order denying a new trial, plaintiffs appeal. Reversed, and new trial ordered.

*Percy H. Helm,* and *Harry P. Atwater,* for Appellants.
*James McNenny,* and *Chas. D. Howe,* for Respondent.

(1.) Under point one in the opinion, Appellants cited:

First Nat. Bank of Redfield v. Koechel, 8 S. D. 391; 66 N. W. 933; Hammon, Chattel Mortgages, page 57; Jones, Chattel Mortgages, Sections 53-54; Smith v. McLain, 24 Iowa, 322; Advanced Thresher Co. v. Schmidt, 9 S. D., 489; 70 N. W., 646; Section 2437, Civ. Code; Chicago Title & Trust Co. v. O'Marr, Sheriff, 18 Mont., 568; and 46 Pac. 809; Kneller v. Kneller, 86 Iowa, 417; 53 N. W., 271.

(2.) Under point two in the opinion, Respondent cited: Civil Code, Section 2094.

(3.) Under point three in the opinion, Appellants cited: Hammon, Chattel Mortgages, 62; Curtis v. Phillips, 5 Mich, 112:

Respondent cited: Civil Code, Section 2072.

(4.) Under point four in the opinion, Appellants cited:

2nd Cobbey on Chattel Mortgages, Sec. 598; Civil Code, Sec. 2089; Farmers & Merchants Bank, v. Bank of Glen Elder, (Kan.,)

26 Pac. 680; Nix v. Wiswell, (Wis.) 54 N. W. 620; Lowe v. Wing, (Wis.) 13 N. W., 892; Howard v. First National Bank of Hutchinson, Kan. 24 Pac. Rep., 983.

Respondent cited:

Civil Code, Section 2089; McKennan v. May, 39 Ark., 442; Day v. Mumson, 14 Ohio State, 488; Union Bank v. Oium, N. D. 54 N. W. 1040; Curtis v. Webb, U. C. Q. B., 576; Jones on Chattel Mortgages, Sections 176, 178, 236 and 237; Morrow v. Reed, 30 Wis. 81; Harrington v. Britton, 23 Wis. 541; Dolan v. Vandemark, 10 Pac. 850; Fromme v. Jones, 13 Iowa, 474; Janvrin v. Fogg, 49 N. H., 340; Kelly v. Reynolds, 69 Mich., 467; Nicklin v. Nelson, (Ore,) 5 Pac. 51.

POLLEY, J.   On the 21st day of October, 1909, one English gave appellants a chattel mortgage.  After describing certain cattle of a designated brand, the mortgage contained the following clause:

"As additional security to this loan, it is my intention to mortgage all of the cattle and horses described in one certain chattel mortgage given to the St. Paul Cattle Loan Company, under date of October 8, 1908, for $10,200, there being due the St. Paul Cattle Loan Company on the note described therein about $6,600 at the present time."

Appellants' mortgage as well as that of the St. Paul Company, was filed in Butte County, where the mortgaged stock was located.  Some time during the year 1909, Perkins County was segregated from Butte County and included the territory where all the mortgaged stock was kept; and, on the 5th day of March, 1910, a certified copy of appellants' chattel mortgage was filed in Perkins County.  The St. Paul Company's mortgage was filed in Butte County, on October 12, 1908. In addition to cattle of designated brands, this mortgage included fifty head of horses, described as follows:

"Also fifty head work and saddle horses mixed sexes and ages branded left shoulder. (It being the intention to include all his horses owned by him until this loan is paiid in full.)  All the above stock located on his ranch on *Quite* Creek, 25 miles up the south fork of Grand River, from Siem, S. D."

On the 25th of November, 1910, the said English, to secure a certain indebtedness to respondent, gave respondent a chattel

mortgage on the cattle described in appellants' mortgage, and on the horses described in the St. Paul Company's mortgage and which, appellants claim, were included in their mortgage under the additional security clause. Neither the indebtedness secured by appellant's mortgage nor that secured by respondent's mortgage was paid, and respondent took possession of the horses described in its mortgage. Appellants, claiming a prior right thereto, brought this action to recover possession from respondent; respondent had judgment, and the case is here on appeal from said judgment and from an order overruling appellants' motion for a new trial.

At the time respondent's mortgage was executed, both appellant's mortgage and the mortgage of the St. Paul Company were on file in Butte County, and a certified copy of appellants' mortgage was on file in Perkins County; but respondent made no examination of the records of either county, and had no actual knowledge of the existence of either of said mortgages at the time its mortgage was executed.

[1] There is no question as to the sufficiency of the description of the mortgaged property in the mortgage to the St. Paul Company, and it is conceded that the property in dispute is the same, or a part at least, of the property described in that mortgage. But it is contended by the respondent that this property is not sufficiently described in the appellants' mortgage to constitute a mortgage thereon as against it, and this presents the first question for our consideration. It is true that the description contained in the appellants' mortgage itself is not sufficient as against the respondent; nor is it essential that it should be. The purpose of the description is the identification of the mortgaged property. It is often impossible to insert such a description of property in a chattel mortgage as to enable a stranger to identify it without resorting to some inquiry; but if it suggests inquiry which, if prosecuted with reasonable diligence, would lead to the identification of the property, it is sufficient: Chicago T. & T. Co. v. O'Marr, 18 Mont. 568; 46 Pac. 809, 47 Pac. 4.

[2] In this case we believe the description in appellant's mortgage furnished a complete means of identifying the property. It showed an intention to mortgage all cattle and horses described in

the St. Paul Company's mortgage under date of Oct. 8, 1908 At the time respondent's mortgage was taken, appellants' mortgage was on file in both Butte and Perkins County, and would have been found by respondent had it examined the record in either of these counties.   The reference therein to the St. Paul Company's mortgage was sufficient to put a prudent person on inquiry as to what property was described in that mortgage.   At the time this mortgage was given (October 8, 1908), Perkins County had not yet been seggregated from Butte.   The law provided that the mortgage might be filed in Butte County, and, if so filed, appellants had constructive notice thereof.   As a matter of fact, it was on file in that county at that time, and, had respondent followed up the inquiry suggested in appellants' mortgage, it would have found said mortgage and that it contained a very full and minute description of the property now in dispute.   A description of property in a chattel mortgage by reference to another chattel mortgage wherein the property is specifically described is sufficient: Thompson v. Anderson, 94 Ia. 554, 63 N. W. 355; 6 Cyc. 1028 (N. 43).   For the purpose of giving notice, the reference in appellants' mortgage incorporates the description of the property found in the St. Paul Company's mortgage: Kneller v. Kneller, 86 Ia. 417, 53 N. W. 271.   In Newman v. Tymeson, et al., 13 Wis. 172, 80 Amer. Dec. 735, where the description of the property in a chattel mortgage was under consideration, the rule is thus stated:

"It has ever been considered a sufficient description of the property conveyed by a deed or other instrument, to refer to another deed or writing, which is accurately pointed out, and which contains a proper description, and say that such is the property sold or intended so to be."

[3] The St. Paul Company's mortgage was satisfied and withdrawn from the files in Butte County within a few days after the execution of the respondent's mortgage, but this fact in nowise affects the rights of the appellants.   The fact that the mortgage was on file in the proper place at the time respondent's mortgage was executed is sufficient to charge respondent with constructive notice of such mortgage and the contents thereof.

[4] It is contended by the respondent that the additional security clause contained in appellants' mortgage does not purport to

create a present existing mortgage, but merely an agreement to give a mortgage in the future. This contention finds no support in the record. The language used is in the present tense, and expresses the same meaning that would have been expressed had the mortgagor said *"also"* all the cattle and horses, etc., instead of the words "as additional security to this loan, it is my intention to mortgage all cattle and horses," etc.

[5] Appellants' mortgage was filed in Butte County on the 23d day of October, 1909. This action was commenced by the service of summons on the 26th day of October, 1912—more than three years after the filing of said mortgage. Appellants failed to file a renewal affidavit of their mortgage prior to the expiration of the said three years, as provided for by §2089 Civ. Code, or at all, and it is contended by respondent that because of said failure on the part of appellants, their mortgage lost its effect as an incumbrance upon the disputed property as against respondent, and that, therefore, appellants have no interest in said property even though their mortgage constituted a valid lien thereon at the time of its execution. This contention is wholly without merit. Appellants' mortgage being on file and in effect at the time respondent took its mortgage, respondent is charged with notice of appellants' rights at the time respondent took its mortgage, and its lien was subsequent to the lien of the appellant. The rights of the parties having become fixed at that time, they were not affected by appellants' failure to file a renewal affidavit thereafter. §2089 protects only those who, in good faith, acquired their interest in the mortgaged property after the expiration of the three year period: Catlett v. Stokes, 33 S. D. 278, 145 N. W. 554. Respondent's rights, having been acquired prior to the expiration of the three year period, are in no wise affected by the statute.

The other points urged by respondent are not material to the rights of the parties and require no further notice.

The judgment and order appealed from are reversed and a new trial ordered.