M. W. MENDENHALL, Appellant, v. R. E. KALLEM, Appellee.

**SALES:** Warranty—Jury Question in re Agency. Evidence held to
1 present a jury question on the issue whether the defendant purchased the warranted goods of the plaintiff in his *individual* capacity or in a capacity as agent only.

**SALES:** Warranty—Effect of Affirmance After Breach of Warranty.
2 The purchaser of warranted goods may, in case of breach of warranty, affirm the contract and counterclaim for damages.

**SALES:** Warranty—Jury Question in re Damages for Breach. Evi-
3 dence held to present a jury question on the proper measure of damages for breach of warranty in a gasoline engine, paid for in part by the delivery of a secondhand engine.

*Appeal from Hamilton District Court.*—R. M. WRIGHT, Judge.

JUNE 25, 1921.

ACTION on a promissory note executed by the defendant to plaintiff. Verdict and judgment for the defendant for costs. Plaintiff appeals.—*Affirmed.*

*Martin & Alexander,* for appellant.

*Burnstedt & Hemingway,* for appellee.

STEVENS, J.—The execution of the note sued upon is admitted, and the trial was had below upon issues tendered by the defendant upon a counterclaim. The defendant alleged that the note was executed in part payment of the purchase price of a gasoline engine which he purchased of the plaintiff; that, at the time of said purchase, plaintiff warranted and guaranteed that the gasoline engine would be in first-class working condition; that it would give perfect satisfaction; that it would be powerful enough to operate a feed grinder which the defendant then contemplated buying, and which he later purchased of the plaintiff; that the said engine was to be new, and not an old or used engine; that defendant relied upon said representations, warranty, and guarantee, and but for same would not have purchased said engine; that the engine delivered was an old and secondhand engine; that it was not in first-class working condition, did not give satisfaction, was defective, worthless, and did not have sufficient power to operate the said feed grinder. By way of counterclaim, based upon the breach of said alleged warranty, defendant demanded judgment for damages against the plaintiff in the sum of $200.

1. SALES: warranty: jury question in re agency.

Plaintiff, in reply, denied the allegations of defendant's answer and counterclaim, and, by way of further answer to the allegations of the counterclaim, alleged that the gasoline engine was traded by the Lennox Machine Company of Marshalltown, Iowa, to the defendant for an old engine and a note for $113.40 made payable to the plaintiff; that plaintiff was the agent of the Lennox Machine Company, and in all the negotiations with the defendant, acted in his capacity as such, and not for himself; that the defendant, after discovering the alleged defects in the gasoline engine, retained the same, and caused it to be taken to pieces, to its injury and damage; and that, by reason thereof, the defendant is estopped to assert a claim for damages against the plaintiff.

The alleged errors presented for review involve numerous

rulings of the court upon objections to testimony, error in over-ruling a motion to strike parts of defendant's answer and counterclaim, and certain paragraphs of the court's instructions. Complaint is also made of the refusal of the court to direct the jury to return a verdict for plaintiff at the close of the evidence, and to give certain requested instructions.

I. Defendant's motion to strike parts of the defendant's answer and counterclaim was without merit, and therefore properly overruled. It is impracticable to discuss all of the alleged errors relating to the admission of evidence. They have all been carefully considered. It may well be doubted whether error can be found in any of the rulings complained of, and we are satisfied that, if any appears, no prejudice resulted. The court cannot always avoid technical error in ruling upon objections to testimony, and a reversal is never granted on account thereof, if whatever presumption of prejudice may arise therefrom is overcome. Some of the answers to the questions against which objections was lodged were, perhaps, the statement of a conclusion, but they were without prejudice. No reversible error was committed by the court in rulings upon objections to evidence.

II. Plaintiff's motion for a directed verdict, while containing numerous grounds, was based principally upon the contention of counsel that the gasoline engine was purchased by the defendant of the Lennox Machine Company through the plaintiff and one Clemmens as its agents, and that plaintiff made no representations or warranty of any kind to the defendant. Plaintiff admitted that he sold gasoline engines as a side line, and defendant testified that he met plaintiff at the farmers' elevator in Ellsworth, shortly before the note was given, and that plaintiff wanted to sell him a feed grinder; and that, during the conversation, plaintiff said that he would sell him a six-horse engine, to operate the grinder; that, a short time thereafter, plaintiff and Clemmens came to defendant's farm, and offered to sell him a new engine, taking his old engine as part payment of the purchase price; that, after some negotiations in which the representations and warranties relied upon were made, an agreement to purchase was arrived at, and, some weeks later, the engine in controversy was delivered to the defendant.

The defendant further testified that nothing was said as to whether plaintiff was representing himself or the machine company; that he knew nothing of the alleged agency; that he dealt with plaintiff as the owner and seller of the engine; and that he executed the note to him, about three weeks later, for the difference between the exchange value of the old engine and the price of the one purchased. On the other hand, plaintiff testified that he sold gasoline engines for the Lennox Machine Company upon a commission; that, in making the sale to the defendant, he acted as its agent only; that this fact was fully known to the defendant; and that, during the conversation at the farm, the defendant requested a loan of the amount necessary to consummate the purchase; and that the note was executed to the plaintiff for that purpose, and not in part payment of the purchase price of the engine.

It is manifest from the foregoing statement that the question whether the plaintiff acted in his individual capacity or as the representative of the machine company, in making the sale, was a disputed question of fact, to be decided by the jury. *Dickinson County v. Mississippi Valley Ins. Co.*, 41 Iowa 286; *Sandusky M. & A. Works v. Hooks*, 83 Iowa 305. The court submitted plaintiff's theory of the evidence to the jury, both upon its own motion and in the form of requested instructions. The exceptions preserved by counsel to the court's instructions relate principally to the question of agency, and are based upon the thought that the evidence was insufficient to carry this issue to the jury. The court, at the request of plaintiff, instructed the jury as follows:

"A. If the plaintiff was the agent of the company from whom the defendant received the engine in question, and had no title to the engine for which the defendant exchanged his old engine, then you are instructed that the plaintiff cannot be held liable on a warranty made by said machine company, if one was made, but that the remedy of the defendant, if one he has, is against the said machine company, and not against the plaintiff.

"B. If you find from the evidence that the defendant exchanged his old engine for a new one, and that such exchange was between the said defendant and the said Lennox Machine Company direct, then the fact, if it be a fact, that the engine

was not what the defendant bargained for would not defeat the plaintiff, if you find from the evidence that the plaintiff loaned the money evidenced by the note to the defendant, or advanced the said money to the Lennox Machine Company at the defendant's request."

The issue was, as above shown, submitted to the jury by instructions favorable to the plaintiff. The finding of the jury is upon disputed facts, and binding upon this court.

It is further contended, however, by counsel for appellant that the defendant was estopped, by reason of the matters previously recited herein, from alleging a breach of warranty 2. SALES: warranty: effect of affirmance after breach of warranty. or from claiming damages of the plaintiff on account thereof. This contention is untenable. The defendant had a right to retain the engine and sue for damages. *Redhead Bros. v. Wyoming C. Inv. Co.*, 126 Iowa 410; *Davidson Bros. Co. v. Smith*, 143 Iowa 124; *Rice v. Friend Bros. Co.*, 179 Iowa 355.

III. It is further argued by counsel that there is nothing in the record showing a proper measure of damages for the alleged breach of warranty. The evidence shows that the engine 3. SALES: warranty: jury question in re damages for breach. was defective, 'and possessed of insufficient power to operate the feed grinder. The price of the engine was $210. This fact throws light upon its value at that time. *Clements v. Burlington, C. R. & N. R. Co.*, 74 Iowa 442; *Kinkead v. McCormack Harv. Mach. Co.*, 106 Iowa 222. The note was for $113.40, and defendant testified that the engine was not worth to exceed $35. No testimony was introduced for the purpose of showing the value of the old engine traded to plaintiff and shipped to the Lennox Machine Company in part payment of the purchase price, but, as indicated, there was sufficient in the record for the jury to ascertain with reasonable certainty the fair market value of the engine in controversy.

Other matters are argued by counsel, but they do not merit special consideration. We are convinced, upon the whole record, that plaintiff had a fair trial, and that the court committed no reversible error. The judgment is—*Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.