JOHN H. NORTON, Appellant, v. A. J. HINECKER.

**Exchange of properties:** BREACH OF CONTRACT: MEASURE OF DAMAGES. The damages sustained by the breach of an executory contract for the exchange of properties is not to be determined by the trading value placed upon the property by the parties, but rather by its actual value, from which the plaintiff's actual loss in being deprived of the benefit of the contract may be ascertained; but where there is no other evidence on the subject the trading value is *prima facie* evidence of its worth and is sufficient to take the issue to the jury.

**Leases:** ASSIGNMENT: LIABILITY OF ASSIGNEE FOR RENT. Although a lessor may be entitled to rent for the full term of the lease from the lessee, notwithstanding a destruction of the building by fire, yet he cannot recover the full amount from the assignee of the lessee without showing that by the terms of the assignment the

assignee was obligated to pay the same; since it may have been assigned for a shorter period.

*Appeal from Story District Court.*— HON. J. R. WHITAKER, Judge.

THURSDAY, MARCH 19, 1908.

ACTION to recover damages for breach of a contract for the exchange of property, in which the plaintiff also asked to recover against the defendant as the assignee of a lease for the rent of premises which had been destroyed by fire. The defendant denied liability on the contract for the exchange of property, and as to the claim for rent tendered $20 up to the time of the fire, and denied liability for any further amount. There was a judgment on a directed verdict for plaintiff for the amount of the tender, and the costs were taxed to the plaintiff. From this judgment, plaintiff appeals.— *Reversed.*

*Bert B. Welty* and *Fitchpatrick & McCall,* for appellant.

No appearance for appellee.

MCCLAIN, J.— In the absence of any argument for appellee, we shall dispose of the case without further discussion of the questions raised than is necessary to indicate our conclusions as to the points which must be determined in disposing of the appeal.

Defendant admits in his answer that on August 4, 1905, he entered into a written agreement with the plaintiff, set out by way of exhibit attached to plaintiff's petition, in which defendant agreed to exchange his implement stock, residence property, and a team, harness and wagon for a fractional forty-acre tract of land belonging to the plaintiff. In this agreement the price of $4,000 was placed upon plaintiff's land, the defendant's residence property was valued at $1,000

subject to a mortgage of $400, the team, harness and wagon were valued at $150, and it was agreed that the implement stock " be taken at invoice price," less a discount of " twenty per cent. off from actual value." The balance was " to be paid in cash as soon as invoice is completed. Invoice to be taken or commenced Monday, August 8, 1905." The language of the contract is not entirely clear as to who was to make the invoice, but we think it is fairly to be understood that the invoice was to be jointly made by the contracting parties or their representatives, that this invoice was to determine the actual value of the implement stock, from which twenty per cent. was to be deducted to establish the trading price, and that the amount to be paid in cash was to be determined on this basis. It appears from the evidence that on the day fixed for taking the invoice the plaintiff was ready to proceed, with an assistant, on his part, and offered to do so, and that the defendant requested a postponement to the next day; that on the next day the plaintiff was again ready and offered to take the invoice, when defendant declared that he would not carry out the contract except on other terms than those embraced in the writing; and that thereafter nothing was done by either party toward carrying out the contract of exchange. Under these circumstances, we think it clear that the plaintiff, with the knowledge of the defendant and with his acquiescence, treated the contract as abandoned by the defendant, and that plaintiff at once insisted on the right to have damages for breach of the contract. We find nothing in the record that defeats plaintiff's right to recover whatever damage he suffered by reason of the renunciation of the contract on his part. There were allegations of fraudulent misrepresentation by plaintiff as to the value of his land, but the evidence fails to sustain such allegations. On the 14th of August the implement stock was destroyed by fire; but, as the defendant had already renounced the contract and plaintiff had elected to rely on his remedy by way of damages, this destruction of the stock

was wholly immaterial as bearing upon plaintiff's right to recover for the breach.

From the views expressed by the trial court in overruling plaintiff's motion for a new trial, which are made a part of the record, we infer that defendant relied upon the fact of no invoice having been made and the inability of the parties to make such invoice after the goods were destroyed as establishing an impossibility on the part of the plaintiff to establish his damages; but we believe this contention was not sound. If plaintiff, having performed or offered to perform on his part, were suing for the stock itself or the value thereof which defendant should have turned over to him, the measure of value would perhaps be the invoice price less twenty per cent., for the agreed price of the property would furnish the measure of value. *Fagan v. Hook,* 134 Iowa, 381. But, as indicated in that case, after a rescission of the contract while it still remained executory, the damages for its breach were not to be determined on the basis of the trading value put upon the properties, but by the actual value of such properties, from which it might be ascertained what plaintiff's real loss in being deprived of the benefit of the contract actually was. For this purpose the question was as to the real value of the stock of implements as well as of the land, the residence property, and the team, harness and wagon. There is evidence as to the real value of the land and the value of the implement stock, and we believe that, in the absence of any evidence one way or the other as to the residence property and the team, harness and wagon, the price fixed thereon in the contract for exchange was *prima facie* some evidence as to what they were worth. We believe there was sufficient evidence, therefore, on which the case should have been submitted to the jury for determination of the amount of plaintiff's damages.

The lease on which plaintiff relied for the recovery of rent claimed from defendant was for the store building in

1. EXCHANGE OF PROPERTIES: breach of contract: measure of damages.

which the implement stock was kept for sale. This lease was

2. LEASES: assignment: liability of assignee for rent.

executed by plaintiff to E. B. Myers & Sons. Under it plaintiff was perhaps entitled to rent for the entire term notwithstanding the destruction of the building by fire; but plaintiff is seeking to hold defendant as assignee of such lease without proving the terms of the assignment. From the evidence in the record it appears that there were some negotiations to which plaintiff, E. B. Myers & Sons and defendant were parties, but what the contract was with reference to defendant becoming assignee of this lease does not appear. Defendant may have become the assignee for the remainder of the term and become obligated for the rent during the entire time, or he may have become obligated with reference to a portion of the term. There is nothing to show that he undertook to bind himself for the entire rent of the remaining term, and therefore, so far as this record shows, there was no error in refusing relief to plaintiff on account of rent.

For the error in taking from the jury the question of plaintiff's right to recover damages for breach of the contract for exchange of property, the judgment of the trial court must be *reversed*.