C. A. ROBBINS ET AL., Appellants, v. M. A. SELBY ET AL.

**False representations:** EXCHANGE OF PROPERTY: VALUATION: DAMAGES. Where parties definitely fix upon the value of their respective properties for sale, one to the other, no legal inquiry concerning actual values is permissible; but where the contract does no more than recite that the price agreed upon is a mere

estimate placed upon the respective properties, not with a view of fixing their actual value but as incidental to the main purpose of making an exchange, then neither party is bound by the values so estimated; and the measure of damages to be applied in an action for false representations as to the value and character of the land is that of *quantum meruit.*

**Evidence of value:** WEIGHT: COMPETENCY. Where witnesses have shown themselves qualified to testify as to the value of land, an objection that they were not so situated as to be entirely familiar with the value or character of a particular tract, goes to the weight to be given their testimony rather than to the competency of the witnesses, and is to be determined by the court or jury as the case may be.

**Appeal:** GROUND FOR REHEARING. The misstatement of the nature of an action in an opinion cannot affect the result and furnishes no ground for a rehearing.

**Interest:** ALLOWANCE   A court of equity may allow interest on damages recovered for fraud in the exchange of properties from the date of the sale, although no claim is made therefor in the pleadings.

*Appeal from Madison District Court.*—HON. EDMUND NICHOLS, Judge.

FRIDAY, JUNE 4, 1909.

SUPPLEMENTAL OPINION ON REHEARING, THURSDAY, OCTOBER 28, 1909.

*A. W. Wilkinson, Phil. R. Wilkinson,* and *C. A. Robbins,* for plaintiffs.

*John A. Guiher,* for defendants.

SHERWIN, J.—This action was originally brought in equity for the purpose of rescinding a contract of sale or exchange of real estate. The issue was afterwards changed, making it an action to recover damages sustained by the alleged fraud and deceit of the defendant, and asking to

have the amount of damages so awarded made a vendor's lien upon the property conveyed by the plaintiffs to the defendant which still remained in the defendant's hands. The plaintiffs were owners of two hundred and sixty-five acres of farm land and certain town property in Madison County, Iowa, and the defendant was the owner of one hundred and sixty acres of farm land in Scott County, Iowa. · They entered into a written agreement on the 30th of January, 1906, whereby the plaintiffs agreed to exchange the farm land and town property to which we have referred for the defendant's farm in Scott County,. and the written agreement was in the following language so far as material here: "The parties of the first part have this day sold and agreed to convey to the party of the second part the following described real estate [particularly describing the farm land and town property] at and for the agreed price of $16,500, and to receive in exchange therefor the following described property [describing the defendant's land] at and for the agreed price of $12,800." All of the property involved in the exchange was incumbered by mortgages, and the contract was to convey subject to such mortgages, and that the plaintiffs and defendant were to assume payment of the mortgages on the land conveyed to them. The transaction was finally closed, and thereafter this action was commenced by the plaintiffs; they alleging in their petition that false and fraudulent representations had been made to them by the defendant as to the quality and value of the Scott County land. The case was finally heard by the trial court without a jury, and a written finding was filed in the case in substance as follows: That at the time the contract was entered into the Scott County land was of the actual value of $9,600 instead of $12,800; that the defendant Selby made false and fraudulent representations as to the character, quality and rental value of said land, which representations were by him at the time known to be untrue;

and that the plaintiffs were thereby induced to enter into said contract of exchange and to accept a conveyance of the Scott County land at the value agreed upon in the contract. It was further found that at the time the contract was made the actual value of the lands conveyed by the plaintiffs to the defendant Selby was $10,600, and the actual value of the town property was $4,000; but it was further found that no fraud was practiced upon Selby by the plaintiffs to induce him to enter into said contract. The court decreed that the plaintiffs were entitled to recover from the defendant Selby the difference between $12,800, the contract price and represented value of the Scott County land, and $9,600, its value at the time of the exchange, this difference being $3,200, less the difference between $16,500, the contract price of the real estate conveyed by plaintiffs to the defendant, and $14,600, its actual value at the time of the exchange, this being $1,900; and, in accordance with this finding, the trial court gave the plaintiffs judgment against the defendant Selby for $1,300 and established the same as a vendor's lien against the town property that had been conveyed to Selby. Both parties have appealed from the judgment.

The plaintiffs say that they are content with the finding of the trial court except as to that part thereof in which the value of the Scott County land is found to be $9,600, and except as to the finding reducing the value of the property traded by the plaintiffs to the defendant from $16,500 to $14,600. The defendant's appeal is general; he claiming that no fraud or misrepresentation was made relative to the quality of the Scott County land, and claiming further that the price of the several properties named in the contract was not their real value, but the value fixed by the parties for purposes of exchange. The issues in this case having been tried at law, the finding of the trial court on disputed questions of fact has the force and effect that the finding of a jury would have, and, from a careful

examination of the transcript of the evidence which is
before us on certification, we are satisfied that the fact
findings of the trial court have such support in the evi-
dence that they should be allowed to stand on both the
issue of fraud and as to whether the transaction between
the parties was in fact a sale of their respective properties
or an exchange thereof. So that the only real question
involved in the case is one of law, and that being whether
the transaction was in effect a sale of the respective prop-
erties or simply an exchange thereof. If the former, the
value fixed by the parties would be controlling, and, if the
latter, the prices agreed upon would not necessarily be con-
clusive.

The distinction between a sale and exchange of prop-
erties is stated in *Fagan v. Hook,* 134 Iowa, 381, to be as
follows: "If parties definitely settle upon and agree to
the value of their respective properties for
the purpose of sale one to the other, no in-
quiry concerning actual values is permissible,
as those are put beyond question by their
having determined the worth thereof for themselves, and
thereby fixed the measure of damages in event of a breach.
If, on the other hand, the agreement is a mere trading con-
tract, by the terms of which one party is to exchange cer-
tain property belonging to him for that of the other upon
or by the payment of the difference, and to this end, and
for the purpose solely of accomplishing this result, but not
to ascertain their actual values, estimates are placed on
the respective properties, then neither party is bound by
the values so estimated, and the measure of damages to
be applied is that of *quantum meruit.* In other words, the
values designated in the agreement to be binding on the
parties must appear to have been specified as such, and
not as merely incidental to some other purpose not involv-
ing the intention of deciding the true worth." The same
rule has been recognized and applied since the *Fagan-Hook*

I. FALSE REPRE-
SENTATIONS:
exchange of
property:
valuation:
damages.

case was decided in *Norton v. Hinecker,* 137 Iowa, 750, and *Bradley v. Hufford,* 138 Iowa, 611.

It will be noticed that the written contract in question does no more than recite that the price agreed upon for the respective properties was so much in each case. This is not conclusive and under such a contract the parties may show what the real transaction was, and, as we have heretofore said, we are satisfied from an examination of the evidence that the trial court was fully justified in the finding that the transaction was in fact an exchange of properties at a value fixed thereon for the purpose of ascertaining the difference, rather than for the purpose of fixing the true value.

The plaintiffs further say that the trial court should not have given weight to the testimony of certain witnesses called by the defendant to testify as to the value of the 2. EVIDENCE OF VALUE: weight: competency. Scott County land, because they were residents of Madison County and not so situated as to be entirely familiar with values in Scott County or with the quality of the land in question. The objection goes to the weight which should be given their testimony, rather than to the competency of the witnesses. The record shows that they were competent to testify on the subject, and the weight of their testimony was for the determination of the trial court.

It is evident that both parties to this transaction inflated the value of their properties for trading purposes, and that the trial court undertook, and we think did reach a just conclusion as to their relative rights. We therefore think the judgment should be, and it is, affirmed on both appeals.—*Affirmed.*

### SUPPLEMENTAL OPINION.

PER CURIAM.—The original opinion treated the case as one tried at law, while it was in fact tried as an equit-

able action.   The error was occasioned by the appellant's
statement in his brief that, before the con-
clusion of the trial below, he abandoned
his action for a rescission of the contract, and
by amendment to his petition made the action one to re-
cover damages sustained on account of fraud and deceit.
However, it now appears that the case was tried as in
equity, and it should have been so treated in the original
opinion.   The misstatement as to the nature of the action
can not, however, affect the result, and hence it furnishes
no ground for granting a rehearing.   As the opinion indi-
cates, the evidence is ample to support the finding of the
trial court, and our conclusion on original submission was
that the case was rightly decided on the evidence.   A care-
ful re-examination of the record confirms this conclusion.

> 3. APPEAL:
> ground for
> rehearing.

The plaintiff on the original submission suggested in
his brief that he should have been allowed interest on the
balance found due him from February 3, 1906, the date
of the exchange of properties, to the date of
the decree.   No claims for such interest was
made in his pleadings, but notwithstanding this a court of
equity may award interest in the final adjustment of the
respective claims of the parties, and we think the plain-
tiff may properly be allowed interest at six percent on
$1,300 from the date of the exchange of properties to the
date of the decree below, as suggested by him.   The orig-
inal opinion will therefore be modified in this respect, and
the plaintiff may have judgment for such interest in this
court.

> 4. INTEREST: al-
> lowance.

With the modification thus indicated, the opinion will
stand, and the petition for a rehearing is denied.