D. F. WILEY, Appellee, v. THE DEAN LAND COMPANY, Appellant.

**EVIDENCE:** Real Estate Values—Witness—Competency—Hearsay.
1  Competency to speak of real estate values may be based (a) on what has been learned in talking with others, (b) on observation and (c) on general knowledge of the subject.

PRINCIPLE APPLIED: Witness was raised on a farm, owned a farm in this state and was acquainted with land values in different states. Visited the land in question a year after the sale in question, and described it. Remained in the vicinity of the land several days, trying to look up land values. Talked about such values with the hotel keeper, with a farmer, with two real estate men who had recently bought land, and with friends who had bought land in. that vicinity. By inquiry, he learned the value of different classes of land in the said vicinity, though some of the people talked to, he had never seen before or since. He based his estimate on what he had been told and on his observations. *Held,* qualified.

**EVIDENCE:** Real Estate Values—Selling Price as Evidence. When
2  a purchase and resale of real estate are practically simultaneous, the price at which the land was first purchased is admissible evidence of its value when resold.

PRINCIPLE APPLIED: Plaintiff claimed he was defrauded in the value of land sold him by defendant. ''Shortly before'' the sale to plaintiff, defendant had contracted for the land from the then owner. On the day defendant secured his deed, he reconveyed to plaintiff. *Held,* what defendant gave for the property was admissible evidence of its value when plaintiff received it.

**DEPOSITIONS:** Admissibility by Party Other Than Taker—Order
3  of Proof. A deposition taken by defendant to sustain his defense may be introduced by plaintiff in chief. No rule against the order of proof is thereby violated.

*Appeal from Linn District Court.*—HON MILO P. SMITH, Judge.

THURSDAY, JUNE 24, 1915.

ACTION for damages alleged to have been suffered by plaintiff in consequence of misrepresentation as to quality of land sold to him by the defendant. There was a verdict and judgment thereon for plaintiff, and defendant appeals.—*Affirmed.*

*Rickel & Dennis,* for appellee.

*Lewis Heins,* for appellant.

LADD, J.—I. The main issue was whether defendant fraudulently misrepresented the quality of a quarter section of land in Mahnomen county, Minnesota, and thereby induced

1. EVIDENCE: real estate values: witness: competency: hearsay.

plaintiff to buy the same. The evidence was ample to carry that issue to the jury. The contention of appellant is that the evidence bearing on the measure of damages was insufficient, in that the witnesses testifying to value were incompetent. The plaintiff went to examine the land about a year after the purchase, described it, made inquiries "to ascertain the value of good upland prairie land," and, as he testified, ascertained its value to be $25 per acre. Subsequently he testified that, at the time he visited the land, he made inquiries with reference to ascertaining the value of good choice prairie land there, and learned that it was worth $35 to $40 an acre; that the land purchased of defendant was then worth $10 an acre; that he was raised on a farm and acquainted with the value of land in different states, and owned a farm in Ida county; that he knew of the sale of no other piece of land in the neighborhood of the land in controversy, but was in the vicinity of this land two days, talked with the hotel keeper, two real estate men, who had been buying land recently, and a farmer, concerning land values there; that he had never seen these people before or since and that his knowledge of the value of land there was merely what he had heard and from correspondence concerning the same. On cross-examination, he asserted that he was there nearly a week, talked

with a good many; that he could not recollect all he talked with, but tried "to look up what lands were worth"; that he wrote to the "State Emigration people and got a lot of literature from them," and also from friends who had bought in that neighborhood, and that he based his estimate of the value of the land upon the information he obtained, as well as his own observation and examination of the soil. No argument is required to demonstrate the correctness of the court's ruling that the witness was qualified to express an opinion as to the value of the land. That much of his information was derived from others is not objectionable, for, necessarily, knowledge of values is largely so acquired and the hearsay rule is without application. 3 Chamberlayne on Ev., Sec. 2099c; Jones on Ev. (2d Ed.) 374.

II. Evidence of what defendant paid for the land was received over objection. The deed was delivered to it on the same day it conveyed the land to plaintiff, though having contracted to purchase shortly before. What a tract of land sells for about the time of the transaction under investigation is competent evidence of its market value then, and there was no error in overruling the objection. *Swanson v. Ry.*, 116 Iowa 304; *Dorr v. Cory*, 108 Iowa 725; *Carnego v. Crescent Coal Co.*, 164 Iowa 552.

2. EVIDENCE:
real estate
values: sell-
ing price as
evidence.

III. Counsel for appellant argues that the court permitted plaintiff to introduce evidence in chief concerning sales of other lands near by and the prices received. It appears that defendant took the deposition of one Leith, who testified that the land in controversy was worth $20 or $25 per acre. On cross-examination, plaintiff drew out of him the statement that prairie land in the neighborhood had sold for $10 or $11 per acre. Though taken by defendant, the deposition was read to the jury by plaintiff, and furnishes the only ground for the contention. The mere fact that a party other than the one taking the deposition reads it in evidence

3. DEPOSITIONS:
admissibility
by party other
than taker:
order of proof.

does not change the order of examining the witness nor transpose cross-examination into direct examination—and here the prices for which neighboring lands were sold were ascertained on cross-examination—even though the questions were propounded by the party subsequently introducing the deposition. The rule laid down in *Hubbell v. City of Des Moines*, 166 Iowa 581, was not violated.

The record is without error and the judgment is—*Affirmed*.

DEEMER, C. J., GAYNOR and SALINGER, JJ., concur.