E. M. LEWIS et al., Appellees, v. WOODBINE SAVINGS BANK, Appellant.

**EXCHANGE OF PROPERTY:** Contract—"Sale" and "Exchange" 1 Contrasted—Breach—Evidence. A contract which provides that the parties thereto shall convey their respective properties to each other, and fixes a value upon each property *for the sole and incidental purpose of arriving at the difference which one party shall pay the other*, is a "contract of exchange," and not a "contract of sale."

PRINCIPLE APPLIED:  A contract provided:

(a)  That first party agrees to *sell* and convey certain property to second party.

(b)  That said property should be valued at $35.000, subject to a mortgage of $14,000.

(c)  That second party agrees to *give in payment* of said property of the first party certain property and $1,749 cash.

(d)  That the property of second party should be valued at $20,000.

Possession was to be given on March 1st, but each party was to have the right to enter his property prior thereto for the making of improvements.

*Held*, to be a contract of *exchange*, and not of *sale*.

(The inference from this holding is that the door is opened, in case of a breach, to a showing of the actual value of the properties.)

REFORMATION OF INSTRUMENTS:  Proceeding and Relief—Unnecessary Reformation.  Manifestly, a contract which, by its very terms, is a "contract of exchange," needs no reforming in order to show that it is such contract.

EXCHANGE OF PROPERTY:  Performance of Contract—Reasonable Time for Performance.  Time not being made the essence of the contract, a party to a contract of exchange has a reasonable time in which to perform after the time fixed.

EXCHANGE OF PROPERTY:  Breach of Contract—Remedies—Pleading.  Breach of a contract of exchange by one party arms the other party with right to demand (a) specific performance, or (b) damages, or (c) *status quo*.  But he must make it certain and definite as to which remedy he elects to pursue.  Pleading reviewed, and criticized for lack of definiteness.

*Appeal from Harrison District Court.*—Thomas Arthur, Judge.

December 18, 1917.

Action at law for damages for breach of contract in the sale of real estate.  There was a cross bill asking reformation of the contract.  Upon motion of the defendant, the trial of the issues set up in the cross bill was transferred

to the equity side, and trial thereon was had, resulting in a dismissal of the cross bill. The defendant has appealed.— *Affirmed.*

*H. L. Robertson,* for appellant.

*Mayne & Green,* and *Roadifer & Roadifer,* for appellees.

EVANS, J.—I. In July, 1914, the parties hereto entered into a contract for the mutual conveyance to each other of real estate, whereby one conveyance was a consideration for the other. A payment of $1,750, to be made by the defendant to the plaintiffs, was agreed upon as the difference between the properties. Said contract was in part as follows:

1. EXCHANGE OF PROPERTY: contract: "sale" and "exchange" contrasted: breach: evidence.

"Witnesseth, That the said party of the first part agrees to sell and convey to the party of the second part the following described property to wit: (describing it) containing 280 acres, together with all improvements on said land. The said above described property to be valued at $35,000 and to be free and clear of all incumbrance, except as hereinafter stated, $14,000 being total amount due on mortgage and contract now of record. The said party of the second part agrees to give in payment for the above-described property one dollar in cash and the property hereinafter described as follows, to wit: (describing same) Also the sum of $1,749, March 1, 1915, without interest. The said above-described property to be valued at $20,000 and to be free and clear of all incumbrances except as hereinafter set forth. No incumbrance. Said payment of $1,750 is to be made on March 1, 1915, and possession of the respective properties is to be given March 1, 1915, but each party is to have the privilege of entering his property for the purpose of making improvements at any reasonable time prior to said date."

Between the date of the contract and March 1, 1915, various friendly negotiations were had between the parties, looking to the performance of the contract. On March 1, 1915, neither party was fully ready to perform. A few days later, both parties undertook to perform. The defendant accepted the equitable title of the plaintiffs in the form in which it was presented: namely, a contract of purchase. Certain objections, however, were interposed to the title tendered by the defendant. The defendant proceeded to the removal of such objections. A few days later, however, the plaintiffs brought suit with undue promptitude, as alleged by the defendant, whereby they made a money demand for $20,000 because of the alleged failure of the defendant to convey. The defendant answered with a defense. It also filed a cross bill, asking to reform the contract. The substance of allegations in the cross bill was that the contract between the parties was a contract of exchange, and not of sale, and that the values of the properties stated in such contract were so stated only for the purposes of the trade, and that such stated values were greatly in excess of the values of any of the properties. The cross bill appears to have been prompted out of an abundance of caution, lest, in a trial at law, the recitals of the contract should be deemed conclusive as a stipulated price of sale. The issues made on the cross bill pertaining to such right of reformation were tried on the equity side of the court, the cross bill being dismissed. That the contract was one of exchange, with an agreed difference in value to be paid to the plaintiffs, as distinguished from a mere contract of sale for a stated price, is, to our minds, quite clear, and is made apparent both by the terms of the contract itself and by the evidence of the parties on the hearing of the cross bill. *Fagan v. Hook,* 134 Iowa 381; *Rob-*

*bins v. Selby*, 144 Iowa 407, 412. The ref-

**2. REFORMATION OF INSTRU-MENTS: pro-ceeding and relief: unnec-essary reform-ation.**

ormation asked for was that the contract should be so reformed as to show that it was one of exchange, and not of a mere sale. Inasmuch as the contract as drawn did show just that, there was nothing to reform. And this, doubtless, was the ground of the dismissal by the trial court, although the record is silent thereon.

The cross bill and its exhibits do not

**3. EXCHANGE OF PROPERTY: performance of contract: reasonable time for perform-ance.**

disclose any need of equitable aid in order to enable the defendant to present its de-fense. Time was not of the essence of the contract. The defendant was entitled to a reasonable time to meet the objections of the plaintiffs to its title. The plaintiffs could not convert their claim into a money demand by mere promptness in bringing their action. This defense is just as available to the defendant at law as in equity. The trial court, therefore, properly dismissed the cross bill.

II. The appellant complains of the failure of the trial court to transfer the main case to the equity side for trial. But, in its motion to transfer, it asked only that the issues on the cross bill be transferred. Its motion was sustained.

If there was a breach of the contract by

**4. EXCHANGE OF PROPERTY: breach of contract: remedies: pleading.**

the defendant, the plaintiffs had their elec-tion of various remedies: (1) They could sue on the contract and demand specific per-formance. (2) They could waive specific performance and elect to claim damages. (3) They could elect to rescind and demand the *status quo*. *Waters v. Pearson*, 163 Iowa 391. The first remedy would put the plaintiffs on the equity side of the court; the second, on the law side.

In the record before us, both parties have treated the

plaintiff's action as one at law for damages for breach of the contract. For that reason, we treat it likewise, for the purpose of this appeal. We put it in this way because the petition itself, with its amendment, is of very doubtful construction. In view of a future trial thereon, its ambiguity might well receive attention. It does not, in terms, purport to claim damages. It declares that "the said defendants are indebted to these plaintiffs in the sum of $20,000, being the value of the property as fixed and agreed upon in said contract." By an amendment, it is averred that the defendants "have thereby become liable to these plaintiffs under the terms and provisions of said contract" for $19,250. The petition in this form can make only trouble for the trial court in the submission of the case. It sounds in two remedies without a distinct declaration for either. The plaintiffs are entitled to take one remedy only, though they have a choice of several. Because they have a choice of several, it is requisite that their election be definite. If they elect to enforce the contract, it must be for specific performance. True, if specific performance be found impossible, the court may award alternative relief. If they elect to demand damages for the breach, they must prove the breach and the damage. Ordinarily, alternative relief in equity and compensatory damages at law are measured by the same rule.

Treating the plaintiffs' case, therefore, as being an action for damages for breach of contract, it was properly permitted to remain upon the law side.

For the reasons already indicated, the cross bill was properly dismissed, and the judgment is—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.