STATE OF IOWA ex rel. JAMES BROWN et al., Appellee, v. RALPH H. BEATON et al., Appellants.

APPEAL AND ERROR: Reversal—Judgment on Remand. The judgment of the trial court on a reversing mandate from the Supreme Court need not literally follow the directions of said mandate. It is sufficient if it fairly works out the essential purpose of the mandate, without the imposition of an unauthorized burden.

*Appeal from Union District Court.*—HOMER A. FULLER, Judge.

JUNE 23, 1922.

APPEAL by defendants from a decree of the district court of Union County, Iowa to test the validity thereof.—*Affirmed.*

*Higbee & McEniry* and *Stipp, Perry, Bannister & Starzinger,* for appellants.

*Brown & Ferguson* and *Brockett, Strauss & Blake,* for appellee.

DE GRAFF, J.—This appeal challenges the validity of a judgment and decree entered by the district court of Union County, Iowa subsequently and pursuant to a decree entered by the Supreme Court of Iowa in the same cause of action. It is unnecessary to reiterate the fundamental facts of this controversy. See *State v. Beaton*, 190 Iowa 216.

Preliminary to a recital and comparison of the decree in question with the decree entered by this court it may be stated that the original case was triable and was tried *de novo*. The cause was remanded for a specific purpose. A decree in a case decided by this court on appeal and remanded to the district court disposes of and finally settles whatever was before this court. The district court is bound by the decree as the law of the case, and its terms must be carried into execution according to the mandate. The trial court cannot vary it and has no function to perform in the premises other than its execution. It may not be reviewed nor may further or other relief be granted. *In re Sanford Fork & Tool Co.*, 160 U. S. 247; *Roth v. Boies*, 146 Iowa 170. The rule stated is well understood and has been frequently applied by both state and Federal courts.

It is the contention of appellant that the trial court exceeded its jurisdiction and power in varying and extending the final decree entered by this court. The decree of the trial court was entered in term time on a regular day of the term, and as recited in the decree "this matter came on for hearing upon the oral application of the plaintiffs for an order as directed by procedendo from the Supreme Court of the state of Iowa."

The appearances are then noted and a statement of the prior history of the case is made. The formal judgment and decree of the court follows these recitals and it is clear that the trial court attempted to embody in its decree the substance of the language found in the final decree of this court.

No application on proper notice for relief by motion to set aside the said decree was made during term time or after term time by the defendants under the provisions of Section 4105 Code 1897. Waiving this question of procedure, the primary question is whether the trial court varied and extended the final decree entered by this court. If it did it exceeded its jurisdiction, and

the appellants have a just and legal cause of complaint.

The decree of the Supreme Court entered January 13, 1921 *inter alia* provided:

"If the court below shall establish any claims either under pleadings to be filed under authority of this paragraph of this decree, or in any proceeding that may be brought by the appellees under said Sections 2092 to 2098, inclusive, or other persons claiming to own the property and equipment or any part of it formerly owned by the Creston, Winterset and Des Moines Railroad Company, or owned or used in connection with the operation of said railroad, the court below shall not limit the liability of the appellees to the value of the property and equipment constituting part of said railroad now remaining in place if the same shall be insufficient to pay the claims that may be established, but shall add thereto so far as. may be necessary to satisfy such claims, the penalty of said bond of $10,000 filed in this court, and the value of any and all property removed by the appellees or such of them as may have removed the same from said line of railroad in disregard of the provisions of said Sections 2092 to 2098, inclusive, and in violation of the rights of all parties interested in said railroad."

The decree of the trial court entered on March 19, 1921 upon reversal of the cause provided *inter alia* that:

"Such notice shall further state in substance that if upon the trial of this proceeding upon the merits the court should find that leave should be granted to remove and dismantle said railroad, and if such claims as shall be established shall not be paid in full within such time as the court may present by order or decree, that the court will order said railroad and all its remaining equipment sold to satisfy the established claims with interest, together with all costs of this proceeding, and in the Supreme Court of this state; and will enforce satisfaction of deficiency, if any shall remain after such sale, against the bond filed by defendants in the Supreme Court of Iowa in the penal sum of ten thousand dollars ($10,000) upon which defendants procured an order in said court under which they caused to be shipped out of the state certain carloads of steel rails formerly part of the equipment of said line of railroad; and against the

defendants and each of them, personally, and may enter judgment against each and all of them for the amount of any such deficiency."

Are the terms of the two decrees in harmony? Does the later decree vary, add to or in any way change the liability of the defendants herein? At first blush they may seem slightly inconsistent. The relief intended in both decrees is the same. It was to compel the defendants to grant the taxpayers and donors in the original construction of the railroad the relief which the decree of this court previously had given pursuant to Sections 2092—2098 inclusive of the Code of Iowa.

At the time the decree of this court was entered the rights of all interested parties had not been established nor could the rights of all parties having claims against the defendants be determined. The cause was remanded for the purpose of permitting these claims to be established and the liability of the appellants (defendants herein) was fixed. The liability as defined by the decree of this court was limited (1) to the value of the property and equipment constituting part of the railroad remaining in place, (2) the penalty of the bond of $10,000 filed in this court, and (3) the value of the railroad property removed in disregard of the provisions of the statute. This liability was intended to be fixed by the terms of the decree of the trial court, and the clear import of the language used in its decree fairly expresses the declared intent of the decree of this court.

Both decrees contemplate that the liability of the defendants shall not be limited to the value of the remaining property and equipment of the railroad, and in the event of sale if the same shall be insufficient to pay the claims that are or may be established, then the penalty of the bond of $10,000 shall be added, or so much thereof, as may be necessary to satisfy such claims. If these two funds should prove insufficient then the value of any and all property formerly a part of the equipment of said railroad, which has been sold or removed from the said line by the defendants, shall be added to satisfy the established claims; and if it is found necessary to add to the prior two funds the value, or a part thereof, of the property so sold or

removed then and in such event the defendants would be liable personally for the deficiency and none other.

The recitals of the decree against which complaint is lodged are not final, but refer to matters which the notice shall contain and as published and served by the plaintiffs-relators. Briefly stated the decree of the trial court as entered discloses that the relief sought·by the plaintiffs is either to compel the defendants to proceed by statutory method as provided by the decree of this court, and thereby secure to the plaintiffs the rights predicated in their petition, or to authorize the relators to proceed under the authority of the court to secure such relief on their own initiative. The trial court has not determined the personal liability of the defendants by the terms of the decree. There is no personal liability in the event there is sufficient property remaining to pay all established claims, or in the event the added penalty of the bond is sufficient to make full payment. The personal liability of defendants is contingent and in no event can it exceed the value of the property removed by the defendants or such of them as may have removed the same from the line of the said railroad in disregard of statutory provisions.

The judgment and decree of the trial court is therefore— *Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.