EDITH HILLER, Appellee, v. E. F. BETTS, Appellant.

PARTIES: **Real Party in Interest—Equitable Owner.** An equitable
1  owner of land who effects a sale of the land through an agent, but
permits the contract of sale to be made between the purchaser and the legal title holder, in order to secure to the latter the amount due him, remains the real party in interest in an action against the agent, to compel him to account for a consideration received by him in the sale of the land and concealed from the said equitable owner.

EVIDENCE: **Competency—Value of Property—Trade Values.** Evi-
2  dence of the amount which parties place upon property for the sole
purpose of effecting a *mere trade* is not competent to show the reasonable value of such property.

Headnote 1:   9 C. J. p. 537.   Headnote 2:   2 C. J. pp. 697, 700; 22 C. J. p. 178 (Anno.)

*Appeal from Linn District Court.*—ATHERTON B. CLARK,
Judge.

SEPTEMBER 20, 1927.

Action at law by appellee, as principal, to recover of appellant, as agent, the value of a Canadian farm and secondhand Nash automobile not reported by appellant to appellee as a part of the consideration received for the transfer of property. The jury returned a verdict for appellee. —*Reversed and remanded.*

*Barnes, Chamberlain, Hanzlik & Thompson,* for appellant.

*Ring & Hann* and *John D. Randall,* for appellee.

KINDIG, J.—This law action was brought by appellee, to recover of appellant, her agent, $2,692.50, with 6 per cent interest from and after the 22d day of June, 1923, as the sum wrongfully retained by said representative from a sale of real estate. There was a trial to a jury, resulting in a verdict for appellee.

The three principal errors alleged are that: (1) Appellee was not the real party in interest; (2) allegations of the claim in its general meaning were unproved; and (3) value of the property retained was not shown by competent evidence.

I. In January, 1914, appellee's husband, Archie E. Hiller, purchased, under written contract, from one O. J. Felton, a tract of real estate near Cedar Rapids, containing 7.8 acres; where-

1. PARTIES: real party in interest: equitable owner.

upon, $100 was paid on the purchase price, not by the husband, but by appellee. The balance thereof, $2,150, was due January 10, 1924, with 5 per cent interest, payable annually. Appellee and her husband afterward built a house on said premises. The husband deserted his wife in 1916, at which time he gave her the said contract, and, as she says, "told me it was mine." The wife alone made contractual and tax payments thereafter. There was delinquency. Mrs. Hiller could not bear the burden longer, and in 1923 she listed the property with appellant, to be sold for a consideration of $4,500. Appellant, on the 22d day of June in said year, actually sold the said premises to one Erickson, for a consideration of $4,500, plus a Canadian farm and a secondhand Nash automobile. The agent, however, reported to appellee said $4,500 item only, and concealed the receipt of said land and automobile. Legal title to said Iowa acreage was in said Felton. Equitable title was in appellee. Apparently for the purpose of securing the balance of said purchase price to Felton, said contract of purchase was made between Felton and Erickson, instead of being executed by Mrs. Hiller, and she then surrendered and delivered to Felton, through appellant, the original Hiller-Felton contract. At the time of this transaction, the new purchaser paid $500 of said $4,500 in cash, of which

amount $192.50 went to appellant, as commission, $50 was paid to appellee, and the balance to Felton. The consideration stated in said contract between Felton and Erickson is ''$4,500 and other property mentioned in another contract.'' It is claimed that said ''other contract'' referred to was an agreement between Erickson and appellant, providing for the conveyance from Erickson to him of said Canadian land and said automobile. Argument is advanced that, when appellee received the $50, the said Erickson-appellant document was read to her, together with the reference concerning the ''other property.'' This appellee denies, and further negatives any knowledge or information thereof. As a matter of fact, she claims that she did not know appellant received the Canadian land and automobile until July 14, 1923, at which time Felton imparted the information. That was the time of the execution of the following instrument, written on the back of said Felton-Erickson memorandum, to wit:

''It is herein mutually agreed that Mrs. Archie Hiller shall receive from the within contract $740 to be paid $100 and interest at five per cent each year until the last year, when all shall be paid. In lieu of cancellation of her contract to same place herein described.

''O. J. Felton
''Mrs. Archie Hiller.''

Appellant insists that through the execution of said stipulation appellee parted with all the interest she had in said Iowa premises, and that said property became Felton's. Therefore Felton, and not Mrs. Hiller, has a right to say that appellant must account for said Canadian land and automobile.

This is clearly untenable. The only purpose and effect of the instrument between Felton and Mrs. Hiller was to adjust the matter of debt between said last named parties. In the contract with Erickson, Felton was to receive a consideration of $4,500 only, and therefore said settlement between Felton and Mrs. Hiller had reference to said $4,500, and nothing else. Felton had nothing to do with the contract relating to the Canadian land and the automobile, and had no interest in said property. That contract was entirely between Erickson and appellant. Felton, therefore, had no power or authority to contract in reference thereto. He did not do so. Appellant was

appellee's agent, and as such had failed in his duties to appellee, —not in his duties to Felton. When Felton received, as he did receive, from the $4,500 the balance due on said original purchase price, his interest terminated, and the net result of the transaction between Felton and Mrs. Hiller on said occasion was to pay said original debt to Felton and turn the balance of said $4,500 over to Mrs. Hiller. Her husband had given her the contract and his interest in the property. She, therefore, was the real party in interest, so far as this suit is concerned. There was conflicting evidence concerning what was said and done. This record was submitted to and determined by the jury. We cannot now disturb the result.

II. Next, complaint is made because no competent and sufficient evidence was offered to prove the value of said Canadian land and automobile. For the purpose of showing said values, the witness Erickson testified for appellee as follows:

"Q. In the purchase of the Hiller land, what did you receive for the Canada land? A. He [appellant] asked me what I wanted for my Canada land, and I said, '$2,000.' Q. What did Mr. Betts reply? A. He said, 'All right.' Q. Did you tell Mr. Betts what you wanted for the Nash roadster? A. I did. Q. What did you tell him? A. $500. Q. What did Mr. Betts reply to that? A. He said, 'All right.' "

2. EVIDENCE: competency: value of property: trade values.

Appellant denies his assent to said prices. On rebuttal, Erickson modified his testimony by saying that the assents made by Betts to said named sums were not indicated when Betts was contemplating the transaction in question, but on another occasion, when different property was under discussion. No agreement resulted from the previous negotiations. But, a day or two afterward, when the present deal was discussed, appellant said he would trade the same way, only the appellee's Iowa land was $500 higher than the property mentioned previously.

Under the facts and circumstances here involved, the statements and admissions of appellant do not amount to an affirmance of the proposed values. To comply with the instructions of appellee, it was necessary for appellant to obtain $4,500 only. Erickson paid that, in addition to the subject of this litigation. In a suit between a vendor and vendee, evidence as to what defendant paid or plaintiff accepted for the real estate tends to

show its worth. *Thompson v. Anderson*, 94 Iowa 554; *Wiley v. Dean Land Co.*, 171 Iowa 75; *Kirkwood v. Perry Town Lot & Imp. Co.*, 178 Iowa 248; *Faust v. Hosford*, 119 Iowa 97; *Beans v. Denny*, 141 Iowa 52; *Norton v. Hinecker*, 137 Iowa 750; *Fagan v. Hook*, 134 Iowa 381. In distinction, however, it is said in *Fagan v. Hook*, supra:

"If, on the other hand, the agreement is a mere trading contract, by the terms of which one party is to exchange certain property belonging to him for that of the other, upon or by the payment of the difference, and to this end, and for the purpose solely of accomplishing this result, but not to ascertain their actual values, estimates are placed on the respective properties, then neither party is bound by the values so estimated, and the measure of damages to be applied is that of *quantum meruit*. In other words, the values designated in the agreement, to be binding on the parties, must appear to have been specified as such, and not as merely incidental to some other purpose not involving the intention of deciding the true worth."

In the Erickson-Felton contract, the consideration named is "$4,500 and other property mentioned in another contract" (the Erickson-appellant contract). Said contract referred to in the parenthesis recites a consideration of "$1.00 and other valuable considerations." It is clear that Erickson and appellant were not fixing definite values, but were trading. Evidence should have been produced at the trial to show the reasonable market value of the Canada land and automobile, at the proper time and place.

Because of the errors specified, the judgment of the district court should be reversed, and appellee granted permission to amend her petition. Accordingly, the same is—*Reversed and remanded.*

EVANS, C. J., and STEVENS, FAVILLE, DE GRAFF, ALBERT, and MORLING, JJ., concur.