STATE OF IOWA ex rel. JAMES BROWN et al., Appellee, v. RALPH H. BEATON et al., Appellants.

No. 39858.

1292

*Higbee & McEniry, Fred Bernstein,* and *Lappen & Carlson,* for appellants.

*O. M. Brockett* and *Scott M. Ladd,* for appellee.

Stevens, J.—The story of this litigation, which began in 1919, is recited in full detail in three prior decisions by this court, to wit: *State ex rel. Brown v. Beaton,* 190 Iowa 216; *State ex rel. Brown v. Beaton,* 193 Iowa 1391; *State ex rel. Brown v. Beaton,* 205 Iowa 1139. A brief preliminary statement of the record as now presented to this court, sufficient to make clear the questions involved, will suffice.

On March 19, 1921, the appellants herein, except the Globe Indemnity Company, commenced an action at law, as owners of the Creston, Winterset & Des Moines Railroad Company, in the district court of Union County, the action being known in the record as No. 8540, praying permission to dismantle the road, and asking that all claims allowable against it be ascertained and established. A large number of claims were filed, and, by decree on February 25, 1922, and by supplemental decree on July 25th of the same year, the said claims were allowed and established in the aggregate sum of $36,038.29, but no personal judgment was entered against the plaintiffs therein. On January 6, 1923, Charles E. Anderson and other claimants, in behalf of themselves and of others similarly situated, filed a petition in intervention in the original action in Union County, in equity, known for convenience herein as No. 8175, and on the same day, interveners and plaintiff joined in an amended

and substituted supplemental petition, in which they asked that the Globe Indemnity Company be made a party defendant, and that the claims of interveners be ascertained and established. Issues were joined upon the allegations of the amended and substituted supplemental petition in equity and subsequent amendments thereto, and also on the issues tendered by the petition in intervention and amendments thereto. The Globe Indemnity Company entered its appearance, filed answer, and joined in the defenses pleaded and all of the allegations of the other defendants in their separate answer to the various pleadings filed by appellees. Upon the issues thus joined, a trial was had, resulting in a decree in favor of all appellees, and in a judgment against Harris & Greenberg for $36,038.29, plus interest, amounting to $21,472.63,—or a total of $57,510.92,—and against the Globe Indemnity Company, as surety upon a bond to be later referred to, in the sum of $14,740. No judgment was entered against Beaton and Ornstein. All of the defendants appeal. Appellees also appeal from the judgment of the court dismissing their respective petitions against Beaton and Ornstein.

I. All of the propositions relied upon for reversal relate to the measure of recovery as against all defendants. The Creston, Winterset & Des Moines Railroad Company extended only from Creston, in Union County, to Macksburg, in Madison County. After many vicissitudes, and its failure to pay interest upon its bonded indebtedness, the mortgage executed to secure the bonds, an action foreclosing the mortgage lien was commenced in the district court of Madison County, in which a receiver was appointed, who sold the road, together with all of its equipment, to Beaton and Ornstein for $30,000. By this transaction, the purchasers obtained a valid title to all the property of the railroad company. *State ex rel. Brown v. Beaton,* 205 Iowa 1139. Certain, at least, of these claims were superior to the lien of the mortgage. *State ex rel. Brown v. Beaton,* 190 Iowa 216. The purchasers of the road, at the time of such sale, contemplated its immediate abandonment and dismantlement. However, very shortly after the receiver's sale to Beaton and Ornstein, they in turn sold the rails and other personal property of the company to the appellants Harris & Greenberg, for $60,000. Dismantlement was immediately commenced. There-

upon, the state of Iowa, on the relation of James Brown *et al.*, commenced an action in equity in the district court of Union County, to restrain the further dismantling of the road and the sale of its property, as being in violation of Sections 2092 and 2096 of the Code of 1897. The plaintiffs, failing to secure the relief prayed in that action, appealed from the decree to this court. The judgment and decree was reversed, and decree entered in the district court in conformity with the opinion of this court. *State ex rel. Brown v. Beaton*, 190 Iowa 216; *State ex rel. Brown v. Beaton*, 193 Iowa 1391.

This court, upon the first appeal, 190 Iowa 216, held that the road could be abandoned and dismantled only by strict compliance with the statutes cited. These statutes are set out in full in the opinion, and we shall not again copy them in full. It is provided by Section 2094, Code, 1897, that:

"No railway company shall be allowed to change or remove its line of road, after a permanent location and construction, without repaying all moneys, and restoring all property, or its value, which were donated to the company building the same exclusively in consideration of said railroad's being located and constructed on such line, to the parties donating the same, their heirs or assigns, nor without first procuring the consent of all parties having liens upon the railroad, and of any township, city or county that by taxation or by the issuing of bonds has contributed money to aid in the construction thereof; but the consent of such township, city or county shall be necessary only with reference to the change to be made within its own territorial limits."

It will be observed that the judgment entered against each and all of appellants except Beaton and Ornstein was for the aggregate amount of the claims ascertained and established by  the court in Action No. 8540. To this amount interest was added. It is strenuously urged by counsel for appellees that all of the claims presented on this appeal are fully determined and adjudicated by the prior decisions of this court. Whether this be true or not, the evidence, in our opinion, fully sustains the right to judgment. Whatever may be the true measure of recovery in this case, it cannot, upon

any hypothesis, be less than the value of the railroad property at the time dismantlement was begun, if such amount is necessary to pay the claims. The attempt of the purchasers of the road at receiver's sale, or their vendees, to abandon and dismantle the road without compliance with the statute was clearly illegal. What they purchased was all of the property and equipment thereof. Before the road could be abandoned or dismantled, permission must be obtained from the district court, and certain claims ascertained and determined. This was the sole purpose of Action No. 8540. No question of accounting is involved. If we assume, without deciding, that the measure of recovery in this case is limited to the value of the property, there can be no doubt that such value far exceeded the amount of the claims ascertained and established in No. 8540. It is true that the value of the property was affected by the litigation in which it became involved, and by changes in market conditions subsequently occurring. The duty of the owners of the road who desired to abandon and dismantle to obtain permission of the district court and make payment of the claims against it which are referred to in the statute was paramount, and a condition precedent, to be complied with.

The value of the property must be fixed as of the date when the road was abandoned and a large amount of the steel removed from the roadbed and appropriated by the owners. The price

paid Beaton and Ornstein for the property is not conclusive as to its value, but it was admissible as evidence thereof. *Thompson v. Anderson,* 94 Iowa 554; *Kirkwood v. Perry T. L. & Imp. Co.,* 178 Iowa 248; *Hiller v. Betts,* 204 Iowa 197.

Harris was an experienced dealer in property of the character involved. He testified, as a witness upon the trial, as to values. James Brown, who was the president of the railroad company, also testified on the subject of values. We shall not go into the details of the testimony on this point. There can, in our opinion, be no doubt that the value considerably exceeded the aggregate amount of the claims ascertained and established, omitting interest. It may be that there was much sacrifice in value of the property by reason of the long delay incident to the litigation. It may also be true that the purchasers, because of

changed conditions, realized little or no profit by their transactions; but these matters are not of controlling importance. We are disposed to hold, however, that, under all the facts and circumstances of this case, interest should have been allowed on the claims ascertained and established only from the date of the decree and supplemental decree of the court in No. 8540. The statutes referred to make it the duty of the court to ascertain and determine the amount of the claims. Until this was done, payment could not well have been made. The rule thus fixed is favorable to appellants, and in no sense in conflict with the debt on which values are to be determined. There is nothing in the opinion of this court in *State ex rel. Brown v. Beaton,* 193 Iowa 1391, in conflict herewith.

II. After the decision of this court on the first appeal, and the signing and entry of the decree therein, restraining appellants from removing or disposing of the rails, a stipulation was  entered into between the parties, in pursuance of which the decree was modified so as to permit Harris & Greenberg, the purchasers of the road, to execute a bond in the penal sum of $10,000, conditioned as follows:

"Now, therefore, if it shall be finally adjudged in said case of the State of Iowa on the relation of James Brown and others, against Ralph H. Beaton, and others, now pending in the Supreme Court of the state of Iowa, as aforesaid, that said Creston, Winterset & Des Moines Railroad cannot be lawfully dismantled and its property and equipment sold and removed without first repaying to all persons all sums of money that would be entitled to have established and ordered paid before such removal if proceedings were brought therefor, as provided in Sections 2092-2098 of the Code of Iowa, as amended; and in such event, if the appellees Ralph H. Beaton, Sigmund Ornstein, Nathan Harris and Louis Greenberg shall well and truly pay all such sums of money to all such persons as may be entitled to demand the same as a condition precedent to the right of the owners to abandon said railroad and dismantle the same, or in event of the failure of the owners of said railroad and its equipment to procure consent of all parties necessary to the lawful abandonment of said road, or a final and valid decree of the court, awarding them such right, and, in the further event of their refusal

to rehabilitate and operate said road, obligors in this bond shall pay the sum that otherwise would have been due to individuals, whose claims may have been required to be paid, if consent to such abandonment had been secured or decreed to such corporation or individual as may acquire the right to rebuild and operate said railroad, then this obligation to be void and of no effect, but otherwise to remain in full force and effect.''

The obligations imposed upon the obligors by this bond were to pay such sum as would otherwise have been due to claimants if consent to such abandonment of the railroad had been secured or decreed in an action for that purpose.

The penalty of the bond was in no sense fixed with relation to the value of the property. This is clearly shown by its express terms. Its purpose was to make good the claims of interveners upon the same basis as if the abandonment and dismantlement of the railroad had been with their consent. To do this, required that judgment be entered for the full penalty of the bond. Interest was allowed on this sum from December 14, 1920, the date on which the petition for rehearing in the first appeal was overruled. It seems to us that this is error, and that interest should have been computed only from the date of the decree and supplemental decree in which the claims of interveners were ascertained and established, and not from the date of the judgment appealed from, as alleged by appellants.

III. The court declined to enter judgment against Beaton and Ornstein. This refusal of the court's was upon the theory that they obtained no part of the property of the company. They  were the original purchasers at the receiver's sale. The holding of this court on the first appeal as to the provisions of the decree of the trial court permitting abandonment and dismantlement of the road made the sale by them to Harris ineffectual, so far as the abandonment of the road was concerned, until the claims of interveners were paid. Beaton and Ornstein also joined in Action No. 8540, as owners, asking permission to abandon and dismantle the road. All that was done by these defendants was in contemplation of the dismantlement of the railroad. It seems to us that the same judgment should have been entered against them as against the other parties.

The decree appealed from provided that the judgment against the security, when paid, should be applied to reduce the judgment against the other defendants.

The conclusion, save only as to the amount of the judgments to be entered against the defendants, is in strict harmony with the law of this case, as announced in our prior decisions. This · will appear from a careful reading thereof. It is our conclusion that the judgments, except as to interest, as already indicated, against all defendants should be affirmed. The cause will be remanded to the court below for decree and judgment for the proper amount, with interest computed on both judgments from the date stated. With these modifications, the judgments are affirmed.—*Modified and affirmed on defendants' appeal; reversed on cross-appeal.*

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.