RALPH H. BEATON et al., Appellants, v. TOWN OF MACKSBURG et al., Appellees.

No. 39697.

DECEMBER 13, 1929.

REHEARING DENIED MARCH 21, 1930.

*Higbee & McEniry, Fred Bernstein,* and *Lappen & Carlson,* for appellants.

*Scott M. Ladd, O. M. Brockett,* and *R. Brown,* for appellees.

STEVENS, J.—This is a special proceeding under Sections 2092 to 2098, inclusive, of the Code of 1897, now Sections 8162 to 8168, inclusive, Code of 1927, commenced in 1921, for permission to abandon and dismantle the Creston, Winterset & Des Moines Railroad Company, extending from Creston in Union County to Macksburg in Madison County. The names and amounts due claimants were therein ascertained and established, and permission granted by the court to dismantle the road. The claims thus established have not been paid.

On February 4, 1928, the plaintiffs, appellants herein, filed a supplemental petition in this proceeding, alleging the purchase by them of the railroad at receiver's sale, and asking permission to introduce evidence in support of the allegations thereof, and asking subrogation to the rights of claimants to the extent of the purchase price paid for the said railroad. This is, in substance and effect, the relief sought in their supplemental petition. The right to the relief prayed is bottomed upon the assumption that the receiver's sale at which appellants Beaton and Ornstein purchased the railroad was and is wholly void.

A motion to strike the supplemental petition was filed by appellees, and sustained by the court. The grounds of the motion were that the issues tendered in the supplemental petition were *res adjudicata,* and that there was a misjoinder of causes of action.

The litigation which followed the attempt of appellants to abandon and dismantle the road without first complying with Sections 2092 to 2098, inclusive, of the Code of 1897 has been long protracted, and has involved various angles of the controversy. The original proceeding commenced in equity in 1921 followed and was made necessary by the decision of this court in *State ex rel. Brown v. Beaton,* 190 Iowa 216, in which many facts material to this case are fully recited. The proceeding now before us is known in the record as No. 8540, and *State ex rel. Brown v. Beaton,* as No. 8175. It will be convenient herein to refer to the cases by their respective numbers. Appellants' supplemental petition refers to Case No. 8175, and

the motion to strike, by reference, sets out the opinion filed by this court in each of the several appeals taken, as follows: *State ex rel. Brown v. Beaton,* 190 Iowa 216; *State ex rel. Brown v. Beaton,* 193 Iowa 1391; *State ex rel. Brown v. Beaton,* 205 Iowa 1139; and *State ex rel. Brown v. Beaton,* 209 Iowa 1291.

The claimed right of subrogation asserted by appellants, as stated, proceeds upon the theory that the receiver's sale at which Beaton and Ornstein purchased the road is in fact void, or was so held by this court. The authorities cited by appellants to sustain their contention are all to that effect. It was so asserted, and a right of subrogation based thereon sought, in the third appeal. *State ex rel. Brown v. Beaton,* 205 Iowa 1139. This court on the first appeal treated the sale as valid, and its validity was specifically affirmed on the last appeal.

The original owners of the road suffered many vicissitudes in its operation. It never yielded a profit, and perhaps could not at any time have been profitably operated. In the order authorizing and directing the receiver to sell the road, the court said that the property would sell to a better advantage "if sold with the right to the purchaser to continue to operate the same or to abandon its operation or dismantle the same, as he should elect." The sale was, no doubt, consummated on this basis. The purchasers thereat received a deed transferring the property to them, subject to tax liens. An attempt to dismantle the road shortly followed. Thereupon, the action known in the record as No. 8175 was commenced in equity, for the purpose of compelling the purchasers to operate the road, or, if this relief should be denied, that, as alternative relief, they be enjoined from abandoning or dismantling it. From the date of the receiver's sale, the purchasers thereat and their grantees have at all times been recognized as the owners of the property. All that was held invalid by this court in its original decision or subsequently was that portion of the court's order authorizing and directing the sale of the property by the receiver which granted to the purchaser permission to abandon or dismantle the road. With the consummation of the receiver's sale by the approval of the court, the purchasers became the owners of all of the property and rights of the company, subject to the obligations imposed thereon by law. What they purchased, under the law, was a railroad, and not merely rails and rolling stock.

Appellants in no sense occupied the position of innocent purchasers of the property sold by the receiver. They acquired all they purchased, so far as the property of the company was concerned; but this court held that the order permitting abandonment and dismantlement was void, because the court did not have authority to make it. *State ex rel. Brown v. Beaton,* 190 Iowa 216. The order disregarded the rights of the state and of those having claims against the property, and violated Sections 2092 to 2098, inclusive, Code, 1897. The district court refused either to compel the purchasers to operate the road or to enjoin its dismantlement. On appeal to this court, the ruling of the court refusing to direct the operation of the road was affirmed, but the ruling denying the injunction was reversed, and a permanent injunction restraining dismantlement in violation of the statute was granted.

The suggestion of appellants in their supplemental petition that the court in *State ex rel. Brown v. Beaton,* 205 Iowa 1139, held appellants entitled to subrogation, is erroneous. No such pronouncement was made. There is a suggestion that possibly appellants might have been permitted to rescind the contract of purchase at the receiver's sale, but, as stated in the opinion, this right has never been claimed, nor rescission attempted. The motion to strike may be inartistic in the statement of some of its grounds, but, if so, the omissions affect none of the substantial rights of the parties. Counsel on both sides refer to our prior decisions under No. 8175, all of which are by reference made a part of the motion to strike. The issues tendered by the supplemental petition have clearly been previously adjudicated. The motion to strike was properly sustained. We need not consider the other grounds of the motion.—*Affirmed.*

All the justices concur.